MAS-20030912     Case 1:05-cv-10154-NG    Document 3    Filed 02/15/2005    Page 1 of 13     01/27/2005
guen                                        Commonwealth of Massachusetts                     03:23 PM
                                            SUFFOLK SUPERIOR COURT
                                                  Case Summary
                                                    Civil Docket

## SUCV2004-05507
### Diaz v Higgins, director of Central Fleet Maintenance of City of Boston et al

FILED IN CLERKS OFFICE 2005 FEB 15 P 12:39 U.S. DISTRICT COURT DISTRICT OF MASS

| File Date | 12/17/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 01/27/2005 | Session | A - Civil A |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 03/17/2005 | Answer | 05/16/2005 | Rule12/19/20 | 05/16/2005 |
|---|---|---|---|---|---|
| Rule 15 | 05/16/2005 | Discovery | 10/13/2005 | Rule 56 | 11/12/2005 |
| Final PTC | 12/12/2005 | Disposition | 02/10/2006 | Jury Trial | No |

### PARTIES

**Plaintiff**
Roderick Diaz
Active 12/17/2004

**Private Counsel 267480**
Winston Kendall
136 Warren Street
Roxbury, MA 02119
Phone: 617-442-6130
Active 12/17/2004 Notify

**Defendant**
David Higgins, director of Central Fleet
Maintenance of City of Boston
Public Works
Served: 01/03/2005
Served (answr pending) 01/19/2005

**Private Counsel 648739**
Tsuyoshi Fukuda
Boston (City of) Law Dept
Room 615, City Hall
Boston, MA 02201
Phone: 617-635-4038
Active 01/27/2005 Notify

**Defendant**
City of Boston
Served: 01/10/2005
Served (answr pending) 01/21/2005

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/17/2004 | 1.0 | Complaint |
| 12/17/2004 | | Origin 1, Type B22, Track F. |
| 12/17/2004 | 2.0 | Civil action cover sheet filed |
| 01/19/2005 | 3.0 | SERVICE RETURNED: David Higgins, director of Central Fleet Maintenance of City of Boston(Defendant) (Last & usual 1/3/05) |
| 01/21/2005 | 4.0 | SERVICE RETURNED: City of Boston (Defendant) by delivering in hand to Jim Carrusso, person in charge on 1/10/05 |
| 01/27/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. David Higgins, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston, Department of Public |

MAS-20030912    Case 1:05-cv-10154-NG    Document 3    Filed 02/15/2005    Page 2 of 13    01/27/2005
guen             Commonwealth of Massachusetts                                 03:23 PM
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

**FILED IN CLERKS OFFICE**

## SUCV2004-05507
### Diaz v Higgins, director of Central Fleet Maintenance of City of Boston et al

2005 FEB 15 ☐ 12:39

U.S. DISTRICT COURT
DISTRICT OF MASS

| Date | Paper | Text |
|------|-------|------|
|  |  | Works; City of Bosston U. S. Dist.#(05-CV-10154NG). |
| 01/27/2005 |  | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

. HEREBY ATTEST AND CERTIFY ON

FEB. 1, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

*Suffolk Superior Civil # 04-5507*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 10154 NG

RODERICK DIAZ,
   Plaintiff,

v.

DAVID HIGGINS,
Individually, and, in
his capacity as Director
of Central Fleet
Maintenance, City of
Boston Department of
Public Works; CITY OF
BOSTON,
   Defendants.



### NOTICE OF REMOVAL

The Defendants, City of Boston and David Higgins, hereby give notice of the removal of this action pursuant to 28 U.S.C. §1441, from the Superior Court Department of the Trial Court of Massachusetts, in which court the action is entitled with the same caption and which is pending in Suffolk Superior Court as Civil Action No. 04-05507.

In support of this notice, the Defendants state that:

1. The action appears to be grounded in the laws and Constitution of the United States of America. Counts I and II of the Plaintiff's Complaint allege that the Defendants "[v]iolated the plaintiff's rights under 42 U.S.C. §1981."

2. This notice of removal is filed within thirty (30) days from service of the Complaint upon David Higgins on December 30, 2004, and upon, the City on January 5, 2005.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document was served upon counsel of record for the Plaintiff via U.S. Mail to 136 Warren Street, Roxbury, MA 02119.

1/27/05
Date          Tsuyoshi Fukuda

Respectfully submitted,

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; CITY OF BOSTON,

Merita A. Hopkins
Corporation Counsel

By their attorney:

Tsuyoshi Fukuda
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038
BBO# 648739

I HEREBY ATTEST AND CERTIFY ON
FEB. 1, 2005
————————————, THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS                                  SUPERIOR COURT
                                             C.A.#
                                                    04-5507

RODERICK DIAZ
                                 VERIFIED COMPLAINT
v.

DAVID HIGGINS, Individually,
and, in his capacity as Director of
Central Fleet Maintenance, City of
Boston Department of Public Works;
CITY OF BOSTON

1. Plaintiff Roderick Diaz is a black male, who was born in the Republic of Trinidad and Tobago, and a citizen of the Commonwealth of Massachusetts, living at 329 LaGrange Street, W.Roxbury, Suffolk County, Massachusetts.

2. Defendant David Higgins is a white male citizen of the United States whose residential address is unknown to plaintiff. Plaintiff will seek leave to amend the complaint to state the defendant's residential address, after he ascertains same through the discovery process in this action. At all times relevant to this action, Higgins was employed by the defendant City of Boston, in the capacity of Director of Central Fleet Maintenance ("CFM") of the Department of Public Works ("DPW") and acted under colour of law. Higgins is being sued individually and in his capacity as Director of CFM of the City of Boston.

3. The defendant City of Boston, is a corporation duly organized and doing business under the laws of the Commonwealth of Massachusetts. The defendant manages and operates the Department of Public Works and its Central Fleet Maintenance and is responsible for its administration and the enforcement of its personnel practices, including but not limited to personnel selection procedures.

4. The defendant City of Boston has promulgated an Affirmative Action Plan by which it has pledged that it would observe fair employment practices in all phases

Page 1

of its employment procedures.

5. The defendant City of Boston (hereinafter referred to as "the City") is a recipient of federal funds, and, is required as a condition of the receipt of said funds, to maintain an Affirmative Action Plan/Program, including, the implementation of procedures to monitor adherence by supervisory officials and managers to its provisions, in the enforcement of personnel procedures.

6. The representations made by the City with regard to its adherence to equal employment opportunity and affirmative action in its selection procedures, were sufficient to form the terms of a contract between it and the plaintiff.

7. The plaintiff, in commencing his employment with the City, as a mechanic, in December, 1986 and in remaining in its employ, relied on its representations relative to equal employment opportunity practices. Plaintiff was seeking long term employment and anticipated promotions within the normal course of his employment.

8. Plaintiff was qualified for the employment and competently discharged his duties.

9. Until very recently, there were exclusively white male foremen or acting foremen at the CFM.

10. Plaintiff did serve as a Temporary Foreman of the Shop, located at Frontage Road, Boston, when he was asked to do so by Al Young. At the time of this temporary assignment, plaintiff was the most senior qualified mechanic in the Shop.

11. There was a well established practice/custom at CFM whereby the most senior person in the Shop, whether it was the "Light" or "Heavy" Shop, would be appointed to the position of Foreman when a vacancy would arise.

12. White male supervisors were also in the habit of placing other white males in so-called "Acting" or "Temporary" positions, as Foremen, whereby they would gain invaluable experience, denied to black employees. Such "temporary" placements were arbitrary and racially discriminatory, since they generally

excluded qualified black candidates.

13. Thus, when vacancies would arise in the foreman position, the white person who had been serving in the "Acting" or "Temporary" capacity, would have an advantage by virtue of the "experience" which he had gained in the "Temporary" position.

14. In 1999, plaintiff applied for the position of "Working Foreman" in the Light Shop, but his application was discriminatorily rejected by the defendants. The defendant Higgins recommended to the Commissioner, Mr.Cassazza, also a white male, that the position be given to a white male, who was not as qualified as the plaintiff.

15. The denial of plaintiff's application, when he was the most senior qualified person in the Shop, was a sharp departure from the practice/custom of appointing the most senior qualified person to fill the vacancy in the foreman's position.

16. Plaintiff did file a grievance with his Union over this rejection, but the decision of the employer was not overturned.

17. After the filing of the Grievance, defendant Higgins retaliated against the plaintiff by refusing to give him any more "Acting" assignments. In fact, Higgins ousted plaintiff from his "Acting" Foreman position once plaintiff hired an attorney to challenge the discriminatory denial of his application for the foreman's position.

18. Plaintiff filed a Charge of discrimination at the MCAD on account of the discriminatory denial of the promotion.

19. The defendants Higgins and the City used the pretext of the plaintiff's alleged poor performance in an Interview Process to deny his application for the foreman's position. This very Interview Process was itself discriminatory, in its creation, by defendant Higgins, and implementation. Defendant City acquiesced in, and ratified, the implementation of this discriminatory Interview Process.

20. The defendants did discriminate against plaintiff in the award of overtime work. There were occasions on which overtime work was available, but the

defendants did not notify plaintiff of same. The overtime work was given primarily to white persons by white supervisors.

21. Plaintiff again applied for a foreman's position in 2001, when the defendants posted a position.

22. At some time on or about 18th December, '01, defendant Higgins denied the position to plaintiff and recommended to the Commissioner and the defendant City, that the position be awarded to a white male, who was not as qualified as plaintiff. The defendants, since that date have engaged in a continuing course of conduct to conceal and cover up the facts with regard to their discriminatory acts and to falsely testify as to their motivation for the denial of the positions to plaintiff.

23. Defendants again advanced as their rationale for the denial, plaintiff's alleged poor performance in the Interview Process.

24. The denial of the position to the plaintiff, was a radical departure from the practice/custom of appointing the senior most qualified person to fill the vacancy and was a pretext for discrimination and retaliation.

25. The subjective employment practices of supervisory officials, most of whom were white and the use of non-job validated selection criteria, including but not limited to an ad hoc Interview Process, which was not formally approved by the City's Office of Human Resources nor consistent with the mandates of its Affirmative Action Plan/Program, produced a disparate impact on members of plaintiff's protected class. The tangible result of this disparate impact was that there was a selection rate of black employees for the position of Foreman which was in contravention of the provisions of 29 CFR S.1607.4(D).

26. The continuing discriminatory and retaliatory denial of promotions to plaintiff and the refusal of the defendant Higgins to place plaintiff even in a "Temporary" position as Foreman, caused the workplace to be contaminated with racial discrimination, harassment and retaliation and to adversely affect the terms and conditions of plaintiff's employment.

27. Plaintiff came to realize that despite his many years of dedicated service to the City, it was extremely unlikely that the defendants would promote him; that his role would continue to be to train junior white males who would then be promoted to the foreman's position and that he had no future at the CFM.

28. The above stated acts of racial discrimination and retaliation led to the workplace being contaminated with racial harassment and discrimination, produced conditions which became too onerous and oppressive and caused plaintiff to be subjected to constructive termination and to be involuntarily separated from employment with the City of Boston, on or about $19^{th.March}$, '04.

29. All conditions precedent to the institution of this action have occurred and have been fulfilled.

30. As a direct and proximate result of the foregoing, plaintiff has suffered pain in body and mind, has been prevented from transacting his business and has been otherwise damaged.

## CLAIMS FOR RELIEF

COUNT 1:

31. Plaintiff re-alleges and re-avers all of the averments of paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. By reason of the foregoing, the defendant Higgins has:

a. Violated plaintiff's rights under G.L.c.151B(4).

b. Violated plaintiff's rights under G.L.c.151B(4)(4).

C. Violated plaintiff's rights under 42 USC S.1981

d. Interfered with plaintiff's contract of employment with the City of Boston.

COUNT 2:

33. Plaintiff re-alleges and re-avers all of the averments of paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

34. By reason of the foregoing, defendant City of Boston has:

a. Violated plaintiff's rights under G.L.c.151B(4).

b. Violated plaintiff's rights under G.L.c.151B(4)(4).

c. Violated plaintiff's rights under 42 USC S.1981

d. Violated plaintiff's rights under Title VII.

e. Violated plaintiff's rights under 42 USC S.2000e-3(a).

WHEREFORE, plaintiff prays that this Court:

1. Award compensatory damages to plaintiff.

2. Award front pay.

3. Impose punitive damages.

4. Award costs and reasonable attorney's fees.

5. Grant such other relief as may be equitable and appropriate.

- HEREBY ATTEST AND CERTIFY ON

FEB. 1, 2005    THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

Plaintiff,
By his Attorney,

W. Kendall
BBO #267480
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS

I, Roderick Diaz, being sworn, depose and say that I am the plaintiff in this Complaint, that I have read its allegations and the same are true as of my knowledge.

Roderick L Diaz
Roderick Diaz

Dated  16  December, '04

Page 6

| CIVIL ACTION COVER SHEET | DOCKET No.(s) 04-5507A | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) Roderick Diaz | | DEFENDANT(S) David Higgins, City of Boston |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE W.Kendall-136 Warren St.,Roxbury, Ma (617) 442-6130    02119 Board of Bar Overseers number: | | ATTORNEY (If known) |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( ) | ( ) Yes  (x) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ ...........
2. Total Doctor expenses ................................................. $ ...........
3. Total chiropractic expenses ........................................... $ ...........
4. Total physical therapy expenses ..................................... $ ...........
5. Total other expenses (describe) ...................................... $ ...........
    Subtotal $ ...........
B. Documented lost wages and compensation to date ................. $ ...........
C. Documented property damages to date ................................. $ ...........
D. Reasonably anticipated future medical and hospital expenses .... $ ...........
E. Reasonably anticipated lost wages .................................... $ ...........
F. Other documented items of damages (describe)
    $ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

    $ ...........
    TOTAL $ ...........

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

    TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____W.Kendall_____    DATE: 12/17/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

- HEREBY ATTEST AND CERTIFY ON
FEB. 1, 2005    THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

# Commonwealth of Massachusetts

4

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5507

_____Roderick Diaz_____, Plaintiff(s)

v.

_____City of Boston_____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon __W. Kendall, esq.__ plaintiff's attorney, whose address is __136 Warren St., Roxbury, Ma. 02119__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the __seventeenth__ day of __December__, in the year of our Lord two thousand __and four__.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P 1 3rd Rev.

HEREBY ATTEST AND CERTIFY ON
__FEB. 1, 2005__ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5507

Roderick Diaz, Plaintiff(s)

v.

David Higgins, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon W. Kendall, esq. plaintiff's attorney, whose address is 136 Warren St., Roxbury, Ma. 02119, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the seventeenth day of December, in the year of our Lord two thousand and four.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P.1 3rd Rev.

- HEREBY ATTEST AND CERTIFY ON
FEB. 1, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.