UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,

    Plaintiff,

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

    Defendants.

**THE DEFENDANT, CITY OF BOSTON'S, MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT II, 34 (A) (DISCRIMINATION) AND TO CONSOLIDATE COUNT II, 34(D) (TITLE VII) AND COUNT II, 34 (E) (42 U.S.C. §2000e-3(a)) OF THE PLAINTIFF'S COMPLAINT**

## I.  <u>Introduction</u>

The plaintiff brings a two-count complaint against the defendants, David Higgins (hereinafter "Higgins") and the City of Boston (hereinafter "Defendant City"). The second count of the plaintiff's complaint relates specifically to the Defendant City, and alleges that it violated G.L. c. 151B(4), G.L.c. 151B(4)(4), 42 U.S.C. § 1981, Title VII, and 42 U.S.C. § 2000e-3(a), by not promoting the plaintiff to a foreman position at

Central Fleet Maintenance (hereinafter "CFM") in the City of Boston Department of Public Works (hereinafter "DPW") in 2001.

Pursuant to Fed. Civ. R. 12(b)(6), the Defendant City, moves to dismiss the discrimination claim (Count II, Paragraph 34(a)), on the grounds that it goes beyond the scope of the plaintiff's administrative charge filed at the MCAD. The Defendant City, further moves to consolidate Count II, Paragraph 34(d) (Title VII) with Count II, Paragraph 34(e) (42 U.S.C. § 2000e-3(a)) because they are redundant.

## II. Factual Background

The plaintiff has been employed by the City DPW since 1986 as a heavy motor equipment repairman ("HMER"), and has held this same position and title until he left the Defendant City's employ and started working as a motor equipment repairman at the Massachusetts Port Authority on March 22, 2004. In 1997 the City hired the Higgins as the Director of CFM to implement a CFM Department within the DPW. At the time Higgins was hired, the plaintiff was a HMER in the heavy shop for the DPW.

On November 2, 1999, a Motor Equipment Repair Foreman ("MERF") position was posted.[1] The plaintiff applied for this position, was granted an interview, but was not promoted. He and some other applicants subsequently filed a grievance with

---

[1] The MERF 1 posting was the first posting for a foreman position after Higgins created CFM in 1997.

the Office of Labor Relations, who after hearing, determined that the Defendant City did not violate the collective bargaining agreement, specifically stating that the plaintiff's "skills and abilities were not substantially equal to those of the successful candidate.  As such, seniority was not a factor in Mr. Diaz's case."  The Office of Labor Relations also stated that, "the Union has not shown that the selection process was arbitrary, capricious, or unreasonable."[2]

On July 19, 2000, after the grievance was denied, the plaintiff filed an MCAD complaint alleging discrimination.  The commission eventually made a lack of probable cause finding, which was appealed.  After the preliminary hearing and further requests for discovery from the commission, the investigating commissioner affirmed the lack of probable cause finding on June 30, 2004.[3]

On July 19, 2001, CFM posted another MERF position ("MERF 2").  The plaintiff applied for this position, was interviewed and, again, was not promoted.  On December 19, 2001, the plaintiff filed his second MCAD complaint against Higgins, in his official capacity as Director of CFM and the Defendant City,

---

[2] It should be noted that this grievance did not make any allegations of discrimination.
[3] All the applicable statute of limitations for judicial review have expired on the plaintiff's initial MCAD complaint.

3

specifically alleging retaliation, M.G.L. c. 151B(4)(4) and Title VII.[4]

### III. Procedural Background

After the plaintiff filed his second MCAD complaint, the parties submitted position statements and, subsequently, the commission issued a discovery order.  At the conclusion of discovery, on September 15, 2004, both parties submitted a Memorandum of Fact and Law.  On December 13, 2004, the defendants received a notice of removal to the Superior Court from the commission and on December 17, 2004, the plaintiff filed his complaint in the Suffolk County Superior Court.  Higgins was served on January 3, 2005, and the Defendant City, was served on January 10, 2005.  The defendants subsequently filed a notice of removal to the United States District Court, District of Massachusetts on January 27, 2005.

---

[4] The plaintiff's administrative charge sounds solely in Retaliation and specifically refers to M.G.L. c. 151B(4)(4).  In that charge, the plaintiff stated, "I believe respondent denied me the promotion, in retaliation for filing a complaint with the MCAD.  This is in violation of MGL Chapter 151B Section 4 Paragraph 4 and Title VII."  A careful examination of the plaintiff's factual allegations in his civil complaint includes numerous other allegations that are not within the scope of his administrative charge and should be disregarded and dismissed.  See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1996).  (See Paragraph 2, Sentence 4; Paragraph 17; Paragraph 19, Sentences 2 and 3; Paragraph 20; Paragraph 22, Sentence 2; Paragraph 25; Paragraph 26; Paragraph 27; and Paragraph 28 of the plaintiff's complaint)  By adding these unrelated claims, the plaintiff is attempting to circumvent the necessary requirements of the administrative notice procedures to over-inflate his civil complaint, garner sympathy and create the potential for a larger monetary recovery.  The defendants request that the retaliation counts be limited to the specific allegation set forth in the plaintiff's second MCAD complaint.

4

**IV.   Argument**

**A.   Motion to Dismiss Standard of Review**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992).  "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations omitted).

**B.   This Court May Consider MCAD Charge (Attached Exhibit A) And Not Convert This Motion to Dismiss Under Rule 12(b)(6) To A Motion For Summary Judgment.**

Generally, a court is to consider only the pleadings in rendering a decision on a Rule 12(b)(6) motion to dismiss, and if the court considers evidence outside the pleadings, the motion is converted into a motion for summary judgment. Fed. R. Civ. P. 12(b). However, the First Circuit, in Beddall v. State Street Bank and Trust Co., 137 F.3d 12 (1st Cir. 1999), adopted a practical exception to this rule, stating, "when . . . a complaint's factual allegations are expressly linked - - and admittedly dependent upon - - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Id. at 17. See Edwin v. Blenwood Associates, Inc., 9 F.Supp.2d 70, 71-72 (1998).

In the case at bar the MCAD charge (attached Exhibit A) is referenced in the plaintiff's complaint and its content determines the parameters of her civil complaint. Thus, this court may consider the attached MCAD charge in making its decision on this motion to dismiss without converting it to a motion for summary judgment. Edwin, supra at 72.

**C.  This Court Must Dismiss The Plaintiff's Discrimination Claim Pursuant to M.G.L. c. 151B(4) (Count II, Paragraph 34 (a)) Against The Defendant City, Because The Plaintiff Failed To Exhaust His Administrative Remedies And It Goes Beyond The Scope Of The Administrative Charge That Was Filed At The MCAD.**

The plaintiff's administrative charge that was filed with the MCAD sounds solely in a single alleged incident of retaliation.  The plaintiff claims that he applied for the position of working foreman in July 2001, was not promoted to that position, and believes that he was not promoted because he previously filed an MCAD complaint against the Defendant City, on July 19, 2000.  Massachusetts's anti-discrimination law treats retaliation as a "separate and independent cause of action."  Wright v. CompUSA, Inc., 352 F.3d 472, 477 (2003), quoting, Abramian v. President & Fellows of Harvard College, 432 Mass. 107 (2000).

Title VII and Chapter 151B require an employee to file an administrative charge as a prerequisite to commencing a civil action based on employment discrimination.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1996); see 42 U.S.C. § 2000e-5(f); M.G.L. c. 151B, §§ 5-9.  The purpose of the requirement is to provide the defendant(s) with prompt notice of the claim and to create an opportunity for early conciliation.  Id.; see Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990);

7

Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1037 (1995). The Lattimore court further states:

> That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action. Consequently, we have stated that, in employment discrimination cases, "the scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can be reasonably expected to grow out of that charge." Powers, supra at 38, quoting Less v. Nestle Co., 705 F. Supp. 110, 112 (W.D.N.Y. 1988); see also Johnson v. General Electric, 840 F.2d 132, 139 (1st Cir. 1988).

Lattimore, supra at 464.

"An investigation is a systematic inquiry into a particular matter. When it is launched in response to a charge of employment discrimination, the direction and scope of the investigation are guided by the allegations contained in the charge." Id. at 464-65. To be sure, an investigation "is not a 'fishing expedition' that should be expected to extend to matters unrelated to the charge." Id. at 465. Furthermore, Massachusetts General Laws 151B and Title VII, also require the exhaustion of administrative remedies before filing a civil lawsuit. See 42 U.S.C. § 2000e-5; Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1022 (1996).

In the case at bar, the plaintiff's discrimination claim (Count II, Paragraph 34(a)) alleges that the Defendant City, violated the plaintiff's rights under M.G.L. c. 151B(4). General Law 151B(4) is the general Massachusetts anti-

8

discrimination statute that makes it unlawful for an employer, labor organization, mortgagors, etc. . ., to discriminate based on any number of reasons, including, but not limited to, race, religion, sex, and handicap.  Id.

Again, the plaintiff's administrative charge sounds solely in retaliation.  An examination of the particulars in the charge shows that the plaintiff "believes that [he] was discriminated against by C-Boston DPW, on the basis of Other.  This is in violation of M.G.L. c. 151B Section 4 Paragraph 4 and Title VII."  He further specifically states, "I believe respondent denied me the promotion, in retaliation for filing a complaint with the MCAD."  General Law c. 151B (4)(4) states that, "[i]t shall be an unlawful practice: For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practice forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under section 5."  Id.

Because retaliation is a separate and independent cause of action, the plaintiff's claim of general discrimination pursuant to M.G.L. c. 151B(4) is beyond the scope of the administrative charge and the investigation that can reasonably be expected to grow out of that charge.  Lattimore, supra at 464.  The plaintiff's general allegations in his civil complaint are an

9

attempt to usurp the necessary requirements of the administrative notice procedures. Thus, the plaintiff's discrimination claim pursuant to G.L. c. 151B(4) (Count II, Paragraph 34(a)) must be dismissed.

**D.     This Court Must Dismiss And/Or Consolidate Count II, Paragraph 34(d) Of The Plaintiff's Complaint Against The Defendant, City of Boston, Because It Is Redundant to Count II, Paragraph 34(e).**

Count II, Paragraph 34(d) of the plaintiff's complaint states that, "[b]y reason of the foregoing, defendant City of Boston has: d. Violated plaintiff's rights under Title VII." Count II, Paragraph 34(e) of the plaintiff's complaint states that, "[b]y reason of the foregoing, defendant City of Boston has: e. Violated plaintiff's rights under 42 U.S.C. S.2000e-3(a)."  The Legislature has codified Title VII of the Civil Rights Act of 1964 as 42 U.S.C. S.2000e-3(a), et seq., and, thus, the plaintiff's two allegations are redundant. Thus, Count II, Paragraph 34(d) (Title VII), should be dismissed for the sake of clarity.

**V.     Conclusion**

WHEREFORE the Defendant City, moves this Honorable Court to dismiss the discrimination claim against it, and either dismiss or consolidate one of the two redundant Title VII claims against the Defendant City.

**DEFENDANT REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

>Respectfully submitted,
>DEFENDANT, CITY OF BOSTON
>Merita A. Hopkins
>Corporation Counsel
>
>By its attorney:
>
>
>/s/ Tsuyoshi Fukuda
>Tsuyoshi Fukuda, Esq.
>BBO# 648739
>Assistant Corporation Counsel
>City of Boston Law Department
>Room 615, City Hall
>Boston, MA 02201
>617-635-4038

## The Commonwealth of Massachusetts
### Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000  Fax: (617) 994-6024

MCAD DOCKET NUMBER: 01BEM10929  
FILING DATE: 12/19/01

EEOC/HUD CHARGE NUMBER:  
VIOLATION DATE: 12/18/01

**Name of Aggrieved Person or Organization:**  
Roderick L. Diaz  
329 La Grange St.  
West Roxbury, MA 02132  
Primary Phone: (617)469-1808 ext. ____

**Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:**  
C-Boston DPW  
DAVID HIGGINS/DIRECTOR OF CFM  
400 Frontage Road  
Boston, MA 02108  
Primary Phone: (617)635-7555 ext. 110

No. of Employees:   N/A

Work Location: Boston

**Cause of Discrimination based on:**  
Other, Paragraph 4, Retaliation.

**The particulars are:**  
I, Roderick L. Diaz, the Complainant believe that I was discriminated against by C-Boston DPW, on the basis of Other. This is in violation of M.G.L. 151B Section 4 Paragraph 4 and Title VII.

ON 7/19/00 I FILED A COMPLAINT WITH THE MCAD, ON THE BASIS OF MY RACE/COLOR BLACK, NATIONAL ORIGIN (CARRIBEAN) AND AGE 58, AGAINST RESPONDENT CITY OF BOSTON DEPT. OF PUBLIC WORKS. ON 7/01 I SUBMMITED AN APPLICATION FOR THE POSITION OF WORKING FOREMAN, ON 12/11/01 WE WERE INTERVIEWED FOR THE POSITION. I WAS TOLD BY RESPONDENT THAT THE POSITION WASN'T GIVEN TO ME, BASED ON LACK OF COMMUNICATIONS SKILLS, I BELIEVE THIS WAS JUST AN EXCUSED, I BELIEVE I WAS WELL QUALIFIED FOR THE POSITION, BUT INSTEAD RESPONDENT GAVE THE POSITION TO A WHITE MALE EMPLOYEE WITH LESS SENORITY WHO CAN NOT READ OR WRITE PROPERLY, AND WHO I BELIEVE IS UNDER THE AGE OF 40 (OR AT LEAST MUCH YOUNGER THAN I). THIS IS THE SECOND TIME I WAS PAST OVER FOR A PROMOTION, AND I BELIEVE RESPONDENT DENIED ME THE PROMOTION, IN RETALIATION FOR FILING A COMPLAINT WITH THE MCAD. THIS IS IN VIOLATION OF MGL CHAPTER 151B SECTION 4 PARAGRAPH 4 AND TITLE VII.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Roderick L Diaz*  
(Signature of Complainant)

*Altagracia Mejia*  
My Commission Expires  
7/25/08

MCAD Docket Number 01BEM10929, Complaint