UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,

    Plaintiff,

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

    Defendants.

**THE DEFENDANT, DAVID HIGGINS'S, MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS THE PLAINTIFF'S DISCRIMINATION CLAIM (COUNT I, 32(A)) AND RETALIATION CLAIM (COUNT I, 32(B)), IN HIS INDIVIDUAL CAPACITY, AND ALL CLAIMS BROUGHT AGAINST HIM IN HIS OFFICIAL CAPACITY AS DIRECTOR OF CENTRAL FLEET MAINTENANCE**

## I.  Introduction

The plaintiff brings a two-count complaint against the defendants, David Higgins (hereinafter, "Defendant Higgins"), and the City of Boston (hereinafter, "City").  The first count relates specifically to the Defendant Higgins, individually, and alleges that he violated G.L. c. 151B(4), G.L.c. 151B(4)(4), 42 U.S.C. § 1981 and alleges that he interfered with the plaintiff's contract of employment with the City, by not

promoting him to a foreman position at Central Fleet Maintenance (hereinafter "CFM") in the City of Boston Department of Public Works (hereinafter "DPW") in 2001.

Pursuant to Fed. Civ. R. 12(b)(6), the Defendant Higgins, moves to dismiss the plaintiff's discrimination claim (Count I, Paragraph 32(a)) and retaliation claim (Count I, Paragraph 32(b)) because the plaintiff failed to exhaust his administrative remedies against him by not naming him as an individual in his MCAD complaint. The Defendant Higgins also moves to dismiss the entire complaint against him, in his official capacity as Director of CFM, because these claims are duplicative with the claims against the Defendant City.

## II. Factual Background

The plaintiff has been employed by the City DPW since 1986 as a heavy motor equipment repairman ("HMER"), and has held this same position and title until he left the City's employ and started working as a motor equipment repairman at the Massachusetts Port Authority on March 22, 2004. In 1997 the City hired the Defendant Higgins as the Director of CFM to implement a CFM Department within the DPW. At the time Defendant Higgins was hired, the plaintiff was a HMER in the heavy shop for the DPW.

On November 2, 1999, a Motor Equipment Repair Foreman ("MERF") position was posted.[1] The plaintiff applied for this position, was granted an interview, but was not promoted. He and some other applicants subsequently filed a grievance with the Office of Labor Relations, who after hearing, determined that the City did not violate the collective bargaining agreement, specifically stating that the plaintiff's "skills and abilities were not substantially equal to those of the successful candidate. As such, seniority was not a factor in Mr. Diaz's case." The Office of Labor Relations also stated that, "the Union has not shown that the selection process was arbitrary, capricious, or unreasonable."[2]

On July 19, 2000, after the grievance was denied, the plaintiff filed an MCAD complaint alleging discrimination. The commission eventually made a lack of probable cause finding, which was appealed. After the preliminary hearing and further requests for discovery from the commission, the investigating commissioner affirmed the lack of probable cause finding on June 30, 2004.[3]

---

[1] The MERF 1 posting was the first posting for a foreman position after Higgins created CFM in 1997.
[2] It should be noted that this grievance did not make any allegations of discrimination.
[3] All the applicable statute of limitations for judicial review have expired on the plaintiff's initial MCAD complaint.

3

On July 19, 2001, CFM posted another MERF position ("MERF 2").[4] The plaintiff applied for this position, was interviewed and, again, was not promoted. On December 19, 2001, the plaintiff filed his second MCAD complaint against the Defendant Higgins, in his official capacity as Director of CFM and the City, specifically alleging retaliation, M.G.L. c. 151B(4)(4) and Title VII.[5]

### III. Procedural Background

After the plaintiff filed his second MCAD complaint, the parties submitted position statements and, subsequently, the commission issued a discovery order. At the conclusion of discovery, on September 15, 2004, both parties submitted a Memorandum of Fact and Law. On December 13, 2004, the defendants received a notice of removal to the Superior Court from the commission and on December 17, 2004, the plaintiff

---

[4] The MERF 2 posting was only the second posting for a foreman position after Higgins created CFM in 1997.

[5] The plaintiff's administrative charge sounds solely in Retaliation and specifically refers to M.G.L. c. 151B(4)(4). In that charge, the plaintiff stated, "I believe respondent denied me the promotion, in retaliation for filing a complaint with the MCAD. This is in violation of MGL Chapter 151B Section 4 Paragraph 4 and Title VII." A careful examination of the plaintiff's factual allegations in his civil complaint includes numerous other allegations that are not within the scope of his administrative charge and should be disregarded and dismissed. See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1996). (See Paragraph 2, Sentence 4; Paragraph 17; Paragraph 19, Sentences 2 and 3; Paragraph 20; Paragraph 22, Sentence 2; Paragraph 25; Paragraph 26; Paragraph 27; and Paragraph 28 of the plaintiff's complaint) By adding these unrelated claims, the plaintiff is attempting to circumvent the necessary requirements of the administrative notice procedures to over-inflate his civil complaint, garner sympathy and create the potential for a larger monetary recovery. The defendants request that the retaliation counts be limited to the specific allegation set forth in the plaintiff's second MCAD complaint.

4

filed his complaint in the Suffolk County Superior Court. The Defendant Higgins was served on January 3, 2005, and the City, was served on January 10, 2005. The defendants subsequently filed a notice of removal to the United States District Court, District of Massachusetts on January 27, 2005.

## IV. Argument

### A. Motion to Dismiss Standard of Review

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992). "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright

5

vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference." Id. (citations omitted).

**B.   This Court May Consider MCAD Charge (Attached Exhibit A) And Not Convert This Motion to Dismiss Under Rule 12(b)(6) To A Motion For Summary Judgment.**

Generally, a court is to consider only the pleadings in rendering a decision on a Rule 12(b)(6) motion to dismiss, and if the court considers evidence outside the pleadings, the motion is converted into a motion for summary judgment. Fed. R. Civ. P. 12(b). However, the First Circuit, in Beddall v. State Street Bank and Trust Co., 137 F.3d 12 (1st Cir. 1999), adopted a practical exception to this rule, stating, "when . . . a complaint's factual allegations are expressly linked - - and admittedly dependent upon - - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Id. at 17. See Edwin v. Blenwood Associates, Inc., 9 F.Supp.2d 70, 71-72 (1998).

In the case at bar the MCAD charge (attached Exhibit A) is referenced in the plaintiff's complaint and its content determines the parameters of her civil complaint. Thus, this court may consider the attached MCAD charge in making its

6

decision on this motion to dismiss without converting it to a motion for summary judgment.  Edwin, supra at 72.

**C.   This Court Must Dismiss The Plaintiff's Discrimination Claim (Count I, Paragraph 32(a)) And Retaliation Claim (Count I, Paragraph 32(b)) Against The Defendant Higgins, As An Individual, Because The Plaintiff Failed to Exhaust His Administrative Remedies By Never Naming Higgins, As An Individual, In His Administrative Charge.**

The plaintiff's discrimination and retaliation claims against the Defendant Higgins, in his individual capacity, must be dismissed because the plaintiff failed to exhaust his administrative remedies against the Defendant Higgins in his individual capacity.

Title VII and Chapter 151B require employees to file an administrative charge as a prerequisite to commencing a civil action based on employment discrimination.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1996); see 42 U.S.C. § 2000e-5(f); M.G.L. c. 151B, §§ 5-9.  The purpose of the requirement is to provide the defendant(s) with prompt notice of the claim and to create an opportunity for early conciliation.  Id.; see Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990); Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1037 (1995).  The Lattimore court further states:

> That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action.  Consequently, we have stated

7

> that, in employment discrimination cases, "the scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can be reasonably expected to grow out of that charge." Powers, supra at 38, quoting Less v. Nestle Co., 705 F. Supp. 110, 112 (W.D.N.Y. 1988); see also Johnson v. General Electric, 840 F.2d 132, 139 (1st Cir. 1988).

Lattimore, supra at 464.

"An investigation is a systematic inquiry into a particular matter. When it is launched in response to a charge of employment discrimination, the direction and scope of the investigation are guided by the allegations contained in the charge." Id. at 464-65. To be sure, an investigation "is not a 'fishing expedition' that should be expected to extend to matters unrelated to the charge." Id. at 465.

Massachusetts General Laws 151B and Title VII also require the exhaustion of administrative remedies before filing a civil lawsuit. See 42 U.S.C. § 2000e-5; Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1022 (1996). A number of cases stringently prohibit civil suits against parties not previously named as respondents in the charge before the MCAD. See Hayes v. Henri Bendel, Inc., 945 F. Supp. 374, 378-79 (D. Mass. 1996); Powers v. H.B. Smith Co., Inc., 42 Mass. App. Ct. 657, 667, review denied, 425 Mass. 1105 (1997).

In <u>Wright v. CompUSA, Inc.</u>, 183 F. Supp. 2d 308 (2001), the United States District Court for the District of Massachusetts (Lasker, D.J.), dismissed two individual defendants, because the plaintiff failed to exhaust the required administrative remedies. <u>Id.</u> The court did not hesitate to dismiss the Defendant Robert Morsilli, because he was not named in the administrative charge, there was no indication that the Defendant Morsilli was ever served with a copy of the administrative charge, and he had no opportunity to conciliate the claims against him. <u>Id.</u> at 310. The court also dismissed the Defendant Gregory Caughman, albeit conceding that his case was a "closer call" since he was specifically named in an affidavit attached to the administrative charge. <u>Id.</u> Nevertheless, the court's analysis hinged on whether the defendant had an opportunity to conciliate the charges against him in the MCAD, and the court eventually held that neither of the named defendants had an opportunity to conciliate and dismissed the civil complaints against them.

In the case at bar, the Defendant Higgins, was never named as an individual respondent, who could be held personally liable, in the plaintiff's MCAD charge. He was only identified in the caption of the MCAD charge as, "David Higgins/Director of CFM." Furthermore, in the particulars

9

of the charge, the plaintiff only claims that he "was discriminated against by C-Boston DPW, on the basis of Other. This is in violation of M.G.L. c 151B Section 4, Paragraph 4 and Title VII." In his civil complaint the plaintiff specifically differentiates the Defendant Higgins, by naming him both as an individual <u>and</u> in his official capacity as Director of Central Fleet Maintenance, thereby emphasizing that Higgins is being sued in two distinct and separate capacities. This differentiation is not present in the MCAD charge and, thus, the Defendant Higgins, as an individual, was never a party in that charge. Moreover, the plaintiff could have amended his administrative charge to include the Defendant Higgins as an individual, but never moved the commission to do so.

This court should dismiss the discrimination and retaliation claims against the Defendant Higgins, because he was never named as an individual in the plaintiff's administrative charge and, thus, the plaintiff failed to exhaust his administrative remedies against him as an individual.

In <u>Chatman v. Gentle Dental Ctr. Of Waltham</u>, 973 F. Supp. 228 (D. Mass. 1997), the court espouses a slightly more lenient rule, however, remains steadfast in requiring that a party who is not specifically identified in the

administrative charge may only be named in a subsequent civil complaint if that party had notice of and an opportunity to conciliate the charge.  Id. at 234-35.  Thus, even if the court gives deference to this more lenient standard, because the plaintiff only named the Defendant Higgins, in his official capacity as the Director of CFM, in his administrative charge, the Defendant Higgins, had no personal liability in the outcome of that litigation, and, thus, he had no notice or opportunity to conciliate the charges.  If the Defendant Higgins had been named as an individual, he would have had an opportunity to seek private counsel to represent him and possibly conciliate these claims on his behalf.  Because the Defendant Higgins, as an individual, was never provided with this necessary opportunity to conciliate, the discrimination and retaliation claims against him, as an individual, must be dismissed.

**D.    This Court Must Dismiss The Plaintiff's Entire Complaint Against The Defendant Higgins, In His Official Capacity As Director of Central Fleet Maintenance, Because It Is Duplicative Of The Plaintiff's Allegations Against The Defendant City.**

The plaintiff's claims asserted against the Defendant Higgins, in his official capacity as Director of CFM are duplicate claims that the plaintiff has already asserted

against the municipal Defendant City, and, thus, must be dismissed in its entirety.

It is well-established that when an individual files a claim against a public official in his or her official capacity, this constitutes "only another way of pleading" an action against the public entity that the official represents. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978); Brandon v. Holt, 469 U.S. 464, 471 (1985) (official-capacity suit is . . . to be treated as a suit against entity); Kentucky v. Graham, 473 U.S. 159 (1985) (official-capacity suit not suit against official personally, for the real party in interest is entity); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) ("suit against a public official in his or her official capacity actually a suit against entity he or she represents"). Accordingly, any claim against the Defendant Higgins, in his official capacity, serves as the functional equivalent of claims against the Defendant City. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Brandon, supra at 471-472; Armstrong v. Lamy, 938 F. Supp. 1018, 1035 (D. Mass. 1996); Feliciano v. Dubois, 846 F. Supp. 1033, 1043 (D. Mass. 1994); Stratton, supra at 46. Accordingly, the plaintiff's claims against the Defendant Higgins, in his official capacity as Director of CFM, should be dismissed.

## V.   Conclusion

WHEREFORE the Defendant Higgins, asks that this Honorable Court dismiss the plaintiff's discrimination and retaliation claims against him individually and dismiss all claims brought against him in his official capacity.

**DEFENDANT REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,
DEFENDANT, DAVID HIGGINS
Merita A. Hopkins
Corporation Counsel

By his attorney:

/s/ Tsuyoshi Fukuda
Tsuyoshi Fukuda, Esq.
BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
617-635-4038

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

| | |
|---|---|
| MCAD DOCKET NUMBER: 01BEM10929 | EEOC/HUD CHARGE NUMBER: |
| FILING DATE: 12/19/01 | VIOLATION DATE: 12/18/01 |

**Name of Aggrieved Person or Organization:**
Roderick L. Diaz
329 La Grange St.
West Roxbury, MA 02132
Primary Phone: (617)469-1808 ext. ____

**Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:**
C-Boston DPW
DAVID HIGGINS/DIRECTOR OF CFM
400 Frontage Road
Boston, MA 02108
Primary Phone: (617)635-7555 ext. 110_

No. of Employees:      N/A

Work Location: Boston

**Cause of Discrimination based on:**
Other, Paragraph 4, Retaliation.

**The particulars are:**
I, Roderick L. Diaz, the Complainant believe that I was discriminated against by C-Boston DPW, on the basis of Other. This is in violation of M.G.L. 151B Section 4 Paragraph 4 and Title VII.

ON 7/19/00 I FILED A COMPLAINT WITH THE MCAD, ON THE BASIS OF MY RACE/COLOR BLACK. NATIONAL ORIGIN (CARRIBEAN) AND AGE 58, AGAINST RESPONDENT CITY OF BOSTON DEPT. OF PUBLIC WORKS. ON 7/01 I SUBMMITED AN APPLICATION FOR THE POSITION OF WORKING FOREMAN, ON 12/11/01 WE WERE INTERVIEWED FOR THE POSITION. I WAS TOLD BY RESPONDENT THAT THE POSITION WASN'T GIVEN TO ME, BASED ON LACK OF COMMUNICATIONS SKILLS, I BELIEVE THIS WAS JUST AN EXCUSED, I BELIEVE I WAS WELL QUALIFIED FOR THE POSITION, BUT INSTEAD RESPONDENT GAVE THE POSITION TO A WHITE MALE EMPLOYEE WITH LESS SENORITY WHO CAN NOT READ OR WRITE PROPERLY, AND WHO I BELIEVE IS UNDER THE AGE OF 40 (OR AT LEAST MUCH YOUNGER THAN I). THIS IS THE SECOND TIME I WAS PAST OVER FOR A PROMOTION, AND I BELIEVE RESPONDENT DENIED ME THE PROMOTION, IN RETALIATION FOR FILING A COMPLAINT WITH THE MCAD. THIS IS IN VIOLATION OF MGL CHAPTER 151B SECTION 4 PARAGRAPH 4 AND TITLE VII.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Roderick L. Diaz*
(Signature of Complainant)

*Altagracia Mejia*
My Commission Expires
7/25/08

MCAD Docket Number 01BEM10929, Complaint