UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,

    Plaintiff,

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

    Defendants.

**THE DEFENDANTS, CITY OF BOSTON AND DAVID HIGGINS'S, MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXHIBIT[1]**

## I. Introduction

The defendants, City of Boston and David Higgins, oppose the plaintiff's "Motion To Strike Defendants' Exhibit or For Leave To File Exhibit 1, Annexed Hereto," for the reasons set forth below.

---

[1] Although the defendants, City of Boston and David Higgins, filed separate Motions to Dismiss, for the sake of efficiency and judicial economy, the defendants file this joint memorandum of law in opposition to plaintiff's motion, as the legal arguments would be redundant.

**II.   Argument**

**A.   This Court May Consider The MCAD Charge ("Exhibit") And Not Convert This Motion to Dismiss Under Rule 12(b)(6) To A Motion For Summary Judgment.[2]**

Generally, a court is to consider only the pleadings in rendering a decision on a Rule 12(b)(6) motion to dismiss, and if the court considers evidence outside the pleadings, the motion is converted into a motion for summary judgment.  Fed. R. Civ. P. 12(b).  However, the First Circuit, in Beddall v. State Street Bank and Trust Co., 137 F.3d 12 (1st Cir. 1999), adopted a practical exception to this rule, stating, "when . . . a complaint's factual allegations are expressly linked - - and admittedly dependent upon - - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  Id. at 17.  See Edwin v. Blenwood Associates, Inc., 9 F.Supp.2d 70, 71-72 (1998).

In the case at bar the MCAD charge (Exhibit) is referenced in the plaintiff's complaint and its content determines the parameters of his civil complaint.  Thus, this court may consider the attached MCAD charge in making its decision on this

---

[2] In his "Motion to Strike Defendants' Exhibit," the plaintiff incorrectly argues that the "defendants, sub silentio, are seeking to convert the 12(b)(6) motion to a Motion for Summary Judgment."  On the contrary, the defendants maintain that their Motions to Dismiss should not convert to a Motion for Summary Judgment even though it attaches an Exhibit (the plaintiff's MCAD charge).

2

motion to dismiss without converting it to a motion for summary judgment.  Edwin, supra at 72.

**B.    This Court Should Not Consider The Plaintiff's "Motion For Leave To File Exhibit 1, Annexed Hereto," Because Any Portion Of A Deposition Transcript From An Earlier Proceeding Is Clearly Outside The Scope Of the Pleadings And Does Not Fit Within Any Practical Exception.**

As mentioned above, courts are to consider only the pleadings in rendering a decision on a Rule 12(b)(6) motion to dismiss, and if the courts consider evidence outside the pleadings, the motion is converted into a motion for summary judgment.  Fed. R. Civ. P. 12(b).  The plaintiff is attempting to circumvent the procedural requirements of the judicial process by trying to include documents outside the scope of the pleadings in his opposition to defendants' motions to dismiss.

In this case, the plaintiff would like the court to consider certain pages from a deposition transcript that was taken during the discovery period at the MCAD.  The plaintiff's intent in using this document in his current opposition is for evidentiary purposes and should, thus, be excluded.  The court can easily differentiate between the "practical exception" delineated in Beddall v. State Street Bank and Trust Co., supra, and the plaintiff's attempt to introduce evidentiary documents in his opposition to the defendants' motion to dismiss.  Because the document the plaintiff attempts to include in his opposition is outside the scope of the pleadings and does not fit into the

3

practical exception carved out by <u>Beddall v. State Street Bank and Trust Co.</u>, supra, this court should not consider it in deciding the defendants' motion to dismiss.

**III. Conclusion**

For the foregoing reasons, the defendants, City of Boston and David Higgins, request that this Honorable Court consider the MCAD charge attached to the defendants motions to dismiss without converting the motion into a Motion for Summary Judgment and disregard the plaintiff's annexed exhibit.

        Respectfully submitted,
        DEFENDANT, CITY OF BOSTON
        Merita A. Hopkins
        Corporation Counsel

        By its attorney:

        <u>/s/ Tsuyoshi Fukuda</u>
        Tsuyoshi Fukuda, Esq.
        BBO# 648739
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        617-635-4038