UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,
    Plaintiff,

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON,
    Defendants.

### DEFENDANT CITY OF BOSTON'S ANSWER TO THE PLAINTIFF'S VERIFIED COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COMES the Defendant, City of Boston, in the above-entitled action, and hereby answers the Plaintiff's Complaint, as follows:

1. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the plaintiff's complaint.

2. The Defendant admits that David Higgins is a Caucasian male citizen of the United States but states that it has no knowledge or information sufficient to form a belief as to the truth of the remaining allegation in the first sentence of paragraph two of the plaintiff's complaint. Sentence two of paragraph two is a statement of what the plaintiff's attorney claims he will do in the future, and as such, does not require a response. The Defendant admits the allegations contained in sentence three of paragraph two of the plaintiff's complaint. Sentence four of paragraph two contains conclusions of law to which no response is required.

3. The Defendant admits the allegation contained in the first sentence of paragraph three of the plaintiff's complaint,

1

       and admits that he is the Director of Central Fleet Maintenance.  The Defendant denies each and every remaining allegation contained in paragraph three of the plaintiff's complaint.

4. The Defendant admits that the City of Boston is an Equal Employment/Affirmative Action employer that observes fair employment practices, but denies the remaining allegations contained in paragraph four of the plaintiff's complaint.

5. The Defendant admits that it is a recipient of federal funds and states that the remaining allegations in paragraph five of the plaintiff's complaint are conclusions of law to which no response is required.

6. The Defendant denies each and every allegation contained in paragraph six of the plaintiff's complaint.

7. The Defendant admits that the plaintiff commenced his employment with the City of Boston as a mechanic in 1986 but states that it has no knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph seven of the plaintiff's complaint.

8. The allegations in paragraph eight are vague and conclusory and, thus, no response is required.  In the event that it is determined that any factual allegations in paragraph eight require a response, the Defendant denies any such allegations.

9. The allegations in paragraph nine are vague and conclusory and, thus, no response is required.  In the event that it is determined that any factual allegations in paragraph nine require a response, the Defendant denies any such allegations.

10. The Defendant denies each and every allegation contained in paragraph ten of the plaintiff's complaint.

11. The Defendant denies each and every allegation contained in paragraph eleven of the plaintiff's complaint.

12. The Defendant denies each and every allegation contained in paragraph twelve of the plaintiff's complaint.

13. The Defendant denies each and every allegation contained in paragraph thirteen of the plaintiff's complaint.

14. The Defendant admits that the plaintiff applied for a Motor Equipment Repair Foreman in the Light Shop in 1999 but denies the remaining allegations in sentence one and sentence two of paragraph fourteen of the plaintiff's complaint.

15. The Defendant denies each and every allegation contained in paragraph fifteen of the plaintiff's complaint.

16. The Defendant admits the allegations contained in paragraph sixteen of the plaintiff's complaint.

17. The Defendant denies each and every allegation contained in paragraph seventeen of the plaintiff's complaint.

18. The Defendant admits that the Plaintiff filed a charge of discrimination at the MCAD regarding the alleged discriminatory denial of the promotion, but denies the remaining allegations contained in paragraph eighteen of the plaintiff's complaint.

19. The Defendant denies each and every allegation contained in paragraph nineteen of the plaintiff's complaint.

20. The Defendant denies each and every allegation contained in paragraph twenty of the plaintiff's complaint.

21. The Defendant admits that the plaintiff applied for a Motor Equipment Repair Foreman in the Heavy Shop in 2001.

22. The Defendant admits that the plaintiff was denied the Motor Equipment Repair Foreman (Heavy Shop) position and that a Caucasian male was the selected candidate, but denies each and every other allegation contained in paragraph twenty-two of the plaintiff's complaint.

23. The Defendant admits that the plaintiff's poor performance in his interview was a contributing factor in the plaintiff not being selected for the Motor Equipment Repair Foreman (Heavy Shop) position, but denies each and every other allegation contained in paragraph twenty-three of the plaintiff's complaint.

24. The Defendant denies each and every allegation contained in paragraph twenty-four of the plaintiff's complaint.

25. The Defendant denies each and every allegation contained in paragraph twenty-five of the plaintiff's complaint.

26. The Defendant denies each and every allegation contained in paragraph twenty-six of the plaintiff's complaint.

27. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's subjective feelings regarding his position and future at Central Fleet Maintenance and denies each and every purported factual allegation contained in paragraph twenty-seven of the plaintiff's complaint.

28. The Defendant denies each and every allegation contained in paragraph twenty-eight of the plaintiff's complaint.

29. The allegations in paragraph twenty-nine are vague and conclusory and, thus, no response is required.  In the event that it is determined that any factual allegations in paragraph twenty-nine require a response, the Defendant denies any such allegations.

30. The Defendant denies each and every allegation contained in paragraph thirty of the plaintiff's complaint.

<u>CLAIMS FOR RELIEF</u>

<u>COUNT 1</u>:

    The Defendant City of Boston does not answer Count 1 of the plaintiff's complaint as it is directed to the Defendant, David Higgins.

<u>COUNT 2</u>:

33. The Defendant repeats and re-alleges its answers to Paragraphs one through thirty-two of the plaintiff's complaint and incorporates the same as if stated fully herein.

34. The Defendant denies each and every allegation contained in paragraph thirty-four of the plaintiff's complaint,

4

including the allegations contained in subsections a-e of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The action is barred by the applicable statute of limitations.

### Second Affirmative Defense

The Plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the Commonwealth of Massachusetts and therefore cannot maintain this action.

### Third Affirmative Defense

The Defendant states that the Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

The injuries or damages alleged in Plaintiff's complaint were neither caused nor proximately caused by the Defendant.

### Fifth Affirmative Defense

Any injury or deprivation suffered by the Plaintiff was caused in part or in whole by the actions of persons or entities over whom the Defendant has no control and for whom the Defendant is not responsible.

### Sixth Affirmative Defense

The Defendant states that it is a public employer under M.G.L. c. 258 §1.

### Seventh Affirmative Defense

The Defendant states that at all times relevant hereto, it acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

5

The Defendant states that the plaintiff was not the selected candidate for the foreman positions based on legitimate, nondiscriminatory reasons.

### Ninth Affirmative Defense

The Defendant states that punitive damages are not recoverable against a municipality.  Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

### **Jury Claim**

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,
DEFENDANT CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorney:


/s/ Tsuyoshi Fukuda
_____
Tsuyoshi Fukuda, Esq.
BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038