**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,

       Plaintiff,

v.

DAVID HIGGINS, Individually,
and, in his capacity as Director
of Central Fleet Maintenance,
City of Boston Department of
Public Works; and CITY OF BOSTON

       Defendants.

**THE DEFENDANTS, CITY OF BOSTON AND DAVID HIGGINS, ASSENTED TO
MOTION TO CONTINUE JOINT STATEMENT SCHEDULING DATES**

The Defendants, City of Boston and David Higgins, move to
continue the Joint Statement scheduling dates.  More
specifically, the Defendants request that the deposition
deadline, paragraph (c) of the Joint Statement, be continued
to October 31, 2006; that the expert witness designation
dates, paragraph (d) of the Joint Statement be continued to
November 1, 2006; and the dispositive motion date, paragraph
(e) of the Joint Statement, be continued to November 30, 2006.
(See Exhibit A; Joint Statement)

In support of said motion, the Defendants state the following:  On March 13, 2006, the Defendants issued Interrogatories and Requests for Production of Documents to the Plaintiff.  The Defendants received the Plaintiff's signed Answers to Interrogatories on June 8, 2006, and approximately 30 minutes prior to the Status Conference scheduled for June 12, 2006, the Plaintiff dropped off his Response to Defendants' Request for Production of Documents at the City of Boston Law Department.  Because of the timing of this delivery, the Defendants were unable to examine the content of the Plaintiff's response.  The Plaintiff did not provide of a copy of his response to the Defendants at the Status Conference.

At the June 12, 2006 Status Conference, the Defendants informed the Honorable Justice Sorokin of the status of the Plaintiff's discovery response and, also, of the expected due date of his second child, September 20, 2006.  At that time, the parties expressed their intention to complete all discovery, including depositions, by September 20, 2006, and Justice Sorokin scheduled a further Status Conference for September 12, 2006.

After review of the Plaintiff's response to Defendants' discovery requests, it was apparent that crucial information regarding the Plaintiff's emotional distress claim was not

2

included in his response.  More specifically, the Plaintiff
failed to respond to certain requests for production of
documents regarding Dr. Johnnie Hamilton-Mason.  The
Defendants subsequently sent the Plaintiff a correspondence
dated, June 13, 2006, requesting the omitted information.
(See Exhibit B; Defendants' June 13, 2006 Letter)  On July 3,
2006, the Defendants received a correspondence from the
Plaintiff stating that he was unable to contact Dr. Hamilton-
Mason and that she may be out of the country, and that he will
"continue our efforts to reach Dr. Mason by telephone."  (See
Exhibit C; Plaintiff's June 29, 2006 Letter)  On July 7, 2006,
the Defendants left a message for the Plaintiff to discuss the
status of the discovery requests regarding Dr. Hamilton-Mason
and a possible motion to continue.  On July 10, 2006, the
Defendants left another message with the Plaintiff, pursuant
to Rule 7.1.  Shortly thereafter, the Plaintiff returned the
Defendants' call and indicated that he would attempt to
contact Dr. Hamilton-Mason's employer to determine her
whereabouts and schedule.  On July 11, 2006, the Plaintiff
left a message with the Defendants informing them that Dr.
Hamilton-Mason will be out of the office for two weeks and
that he would assent to this motion to continue.

    The Plaintiff claims that he suffered from post-traumatic
stress disorder that was allegedly caused by racial harassment

and discrimination at the City of Boston Department of Public
Works.  The Plaintiff estimates that his damages for emotional
distress totals $500,000.00.  In his answers to Defendants'
Interrogatories, the Plaintiff identifies Dr. Hamilton-Mason
as a treating physician and an expert witness. (See Exhibit D;
Plaintiff's Answers Nos. 2 & 5 of Defendants' Interrogatories)

The Plaintiff is alleging $500,000.00 in emotional
distress damages and claims to suffer from post-traumatic
stress disorder, thus, it is imperative that the Defendants
have treatment records/bills, Dr. Hamilton-Mason's current
curriculum vitae, and a list of her publications.  In order to
conduct a thorough examination of the Plaintiff in a
deposition, the Defendant's must have access to these omitted
documents.  Furthermore, these omitted documents are necessary
in order for the Defendants to make a thoughtful decision as
to whether a deposition of Dr. Hamilton-Mason is needed and/or
whether the Defendants need to designate their own expert to
contradict her findings.

Because the Plaintiff has not provided the Defendants
with the requested documents regarding his treatment with Dr.
Hamilton-Mason and/or Dr. Hamilton-Mason's professional
credentials, it would be highly prejudicial to the Defendants
if the Joint Statement schedule remains as is.  According to
the Joint Statement, all depositions are to be completed by

July 13, 2006.  However, because the Plaintiff failed to adequately respond to Defendants' discovery requests and will not be able to contact Dr. Hamilton-Mason for at least two more weeks, July 25, 2006, and because of the Defendants' counsel expects the birth of his 2nd child on or about September 20, 2006, the Defendants respectfully request that that the Joint Statement Scheduling Dates be continued.  More specifically, the Defendants request that the Deposition deadline be continued to October 31, 2006; Expert Witness Designation date be continued to November 1, 2006, and the Defendants expert witnesses shall be designated within 30 days after the Plaintiff discloses said expert; and the Dispositive Motion deadline be continued to November 30, 2006. Furthermore, the Plaintiff will not be prejudiced by said continuances.

WHEREFORE the Defendants, City of Boston and David Higgins, move this Honorable Court to continue the Joint Statement scheduling dates.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
William F. Sinnott
Corporation Counsel

By his attorney:


/s/ Tsuyoshi Fukuda
Tsuyoshi Fukuda, Esq.
BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
617-635-4038

Assented to by:

PLAINTIFF,
RODERICK DIAZ
By his attorney:


/s/ Winston Kendall

Winston Kendall, Esq.
BBO# 267480
136 Warren Street
Roxbury, MA 02119
617-442-6130

CERTIFICATE OF SERVICE

    I, Tsuyoshi Fukuda, hereby certify that I served
Defendants, Motion to Continue Joint Statement Scheduling
Dates upon the Plaintiff by mailing a copy, postage prepaid,
to:

                    Winston Kendall, Esq.
                    136 Warren Street
                    Roxbury, MA 02119


    7/12/06                        /s/ Tsuyoshi Fukuda
Date                               Tsuyoshi Fukuda


7

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,
        Plaintiff,

v.

DAVID HIGGINS, Individually, and, in
his capacity as Director of Central
Fleet Maintenance, City of Boston
Department of Public Works; and CITY
OF BOSTON,
        Defendants.

## JOINT STATEMENT

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the above named parties have conferred and propose the following pretrial schedule:

1.    Joint Discovery Plan and Motion Schedule:

The parties propose the following pretrial schedule:

(a)    Automatic document disclosure to be completed on or before December 13, 2005;

(b)    Written discovery requests are to be filed by March 15, 2006;

(c)    All depositions are to be completed by July 13, 2006;

(d)    The plaintiff's expert witnesses shall be designated by July 14, 2006 and the defendants' expert witnesses shall be designated within 30 days after the plaintiff discloses said expert(s) as contemplated by Fed. R. Civ. P. 26(b)(4)(A); designation of experts shall include provision of

1

any information required by the Federal Rules of
Civil Procedure and/or the Local Rules of the
District of Massachusetts; any expert witness
depositions shall be completed within 30 days of
defendants' expert witness designation;

(e)  All dispositive motions are to be filed by August
14, 2006, and responses are to be filed 14 days
thereafter pursuant to Local Rule 7.1;

(f)  The plaintiff shall name other parties, if any,
not later than July 28, 2006;

(g)  A final pre-trial conference will be held per
order of the Court.

2.  Defendants intend to take no more than 10 depositions
during the discovery period, in conformity with Fed. R.
Civ. P. 30(a)(2)(A) and Rule 26.1(C) of the Local Rules of
the United States District Court for the District of
Massachusetts.

3.  Certifications regarding each of the parties' consultation
with counsel regarding budgets and alternative dispute
resolution will be filed separately.

PLAINTIFF RODERICK DIAZ

By his attorney

DEFENDANT CITY OF BOSTON and
DAVID HIGGINS
Merita A. Hopkins
Corporation Counsel

By her attorney:

/s/ Winston Kendall

---

Winston Kendall, Esq.
BBO# 267480
136 Warren Street
Roxbury, MA 02119
(617) 442-6130

/s/ Tsuyoshi Fukuda

---

Tsuyoshi Fukuda, Esq.
BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4038

EXHIBIT B



# CITY OF BOSTON
# LAW DEPARTMENT
City Hall, Room 615
Boston, MA 02201

THOMAS M. MENINO
*Mayor*

WILLIAM F. SINNOTT
*Corporation Counsel*

June 13, 2006

Winston Kendall, Esq.
136 Warren Street
Roxbury, Massachusetts 02119

Re:    *Roderick Diaz v. David Higgins, et al.*
Federal District Court Docket No. 05-10154-NG

Dear Attorney Kendall:

As you know, Judge Sorokin has scheduled a Status Conference for September 12, 2006, at which time he expects that all discovery be complete. Thus, I would like to have written discovery completed in a timely fashion so that I will be able to review these responses prior to scheduling depositions. After review of the file and your client's response to the Defendants' discovery requests, it appears that there are some inadequate responses.

1) The Plaintiff has failed to respond to the Defendants' Second Set of Interrogatories that were mailed on May 8, 2006;

2) The Plaintiff has failed to adequately answer Interrogatory No. 5 because he did not provide a list of publications authored or co-authored by Dr. Johnnie Hamilton-Mason. The Plaintiff is alleging that he suffered from post traumatic stress disorder allegedly caused by racial harassment and discrimination and estimates that his damages for emotional distress totals $500,000.00. The Defendants are entitled to the information requested in this interrogatory because the Plaintiff has designated Dr. Hamilton-Mason as an expert who will testify to the Plaintiff's emotional distress;

3) The Plaintiff has failed to adequately answer Interrogatory No. 18 because it fails to give any time frame for his therapy sessions with Dr. Hamilton-Mason or any indication of the number of therapy sessions he participated in with Dr, Hamilton-Mason. The Plaintiff is alleging that he suffered from post traumatic stress disorder allegedly caused by racial harassment and discrimination and estimates that his damages for emotional distress totals $500,000.00. The Defendants are entitled to the information requested in this interrogatory because the Plaintiff has designated Dr. Hamilton-Mason as an expert who will testify to the Plaintiff's emotional distress;

TEL.: (617) 635-4034 FAX: (617) 635-3199

4) The Plaintiff has failed to adequately respond to Request No. 8 because the response is unclear as to whether the expert (Dr. Johnnie Hamilton-Mason) does not have any of the requested documents or whether the Plaintiff has not yet received these documents from his witness. The Defedants would like clarification on this point, and if the expert, in fact, has these documents in her possession, the Plaintiff must produce them. The Plaintiff is alleging that he suffered from post traumatic stress disorder allegedly caused by racial harassment and discrimination and estimates that his damages for emotional distress totals $500,000.00. The Defendants are entitled to the information requested because the Plaintiff has designated Dr. Hamilton-Mason as an expert who will testify to the Plaintiff's emotional distress;

5) The Plaintiff has failed to adequately respond to Request No. 10 because he has not produced any documents in his Answers to Interrogatories. A list of the Plaintiff's certifications is not the equivalent of the actual certifications that he received;

6) The Plaintiff has failed to adequately respond to Request No. 11 because he has not produced any medical records or medical bills regarding his meetings with Dr, Johnnie Hamilton-Mason and/or other medical providers. The Plaintiff is alleging that he suffered from post traumatic stress disorder allegedly caused by racial harassment and discrimination and estimates that his damages for emotional distress totals $500,000.00. The Defendants are entitled to the information because the Plaintiff has designated Dr. Hamilton-Mason as an expert who will testify to the Plaintiff's emotional distress

Please provide your response to these discovery requests as soon as possible so that the Defendants can continue to evaluate the case and move forward with appropriate depositions. The Defendants are entitled to examine and evaluate the Plaintiff's Answers and Document Response in a timely manner as Judge Sorokin is expecting discovery, including all depositions to be complete by September 12, 2006.

Sincerely,

Tsuyoshi Fukuda
Assistant Corporation Counsel
(617) 635-4038

2

EXHIBIT C

# WINSTON KENDALL

## ATTORNEY AT LAW

WINSTON D. KENDALL

134 WARREN STREET
ROXBURY, MASSACHUSETTS 02119
(617) 442-6130

29th.June, '06

T.Fukuda, esq.
City of Boston Law Department
Room 615, City Hall
Boston, Ma. 02201

Re: C. A. #05-10154-NG
    Diaz v. Higgins et al.

Dear Attorney Fukuda:

Enclosed is a copy of the Plaintiff's Answers (unsigned by the plaintiff) to Second Set of Interrogatories of Defendants. We will forward the signature page to you as soon as the plaintiff returns it to us.

We have written to Dr.Hamilton-Mason at the South End Comm. Health Center and requested the information which would be responsive to the "expert witness" interrogatory. There has been no response. As you know, Dr.Mason is a Professor at Simmons College. It may very well be that she has taken a period of summer vacation and has travelled outside of the U.S. and therefore has not responded to our requests.

We will continue our efforts to reach Dr.Mason by telephone. We ask your indulgence in this matter as we are as anxious as you are to obtain the information.

Thank you.

Sincerely,

W.Kendall

enclosures

EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
#05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS ET AL.

PLAINTIFF'S ANSWERS TO
INTERROGATORIES OF
DAVID HIGGINS and CITY
OF BOSTON

1. Identify each person who has knowledge regarding the allegations
   contained in your charge of discrimination and summarize the
   knowledge you believe each person possesses.

OBJECTION. The interrogatory is vague, vexatious and harassing.
Without waiving the Objection, plaintiff responds:

A. I believe that the following individuals know the facts in support of the
   allegations in my charge:  David Higgins-As Director of Central Fleet
   Maintenance ("CFM") Mr.Higgins should have been aware that there
   has been a long standing practice at the Department of Public Works
   of appointing as Foreman, when a vacancy arose, the most senior
   qualified individual and that white employees were placed in those
   positions on that basis.  Higgins also knows that when the occasion
   arose for me to be placed in the foreman's position, that he (Higgins)
   departed from the practice, with the result that I was not promoted and
   a white male was placed in the position.
   I believe that Elio Munoz, 137 Horace St.., E.Boston, knows that at
   some time in November, 1999, he asked Bob Silvey, Superintendent of
   the Heavy Shop who he thought would get the foreman's position and
   that he responded that  it was going in the Light Shop-meaning that
   James Monaghan would get  it.  Munoz knows of my experience since
   I trained him, on a one-to-one basis, at the Heavy Shop in 1998-99.
   Munoz knows that Mr.Al Young, the former Superintendent  of the
   Heavy Shop, used to send him to me for direction and training.

   I believe that Robert Williams, 400 Frontage Road, Boston, (Welding
   Shop) knows that he came to the Shop in 1996 as a welder.  Williams
   knows that I acted as a Foreman, for seven days, on an intermittent
   basis, in 1999 and for ten days in '00.

   Teddy Myers, address unknown, knows that on at least two occasions,
   he told e that he had tried to reach me by telephone to perform
   overtime but that he was unsuccessful and that he gave the overtime to

1

white males. Myers knows that at some time in the summer of '02, he told me that I should go home at 3:00 p.m. and hat at the time that I left, Jay McMahone and Scott Alter, white males, were still at the Shop. Myers knows that these white males did work overtime on that day after I had left and despite the fact that he had told me there was no overtime. Myers knows that in 1999, prior to my interview with David Higgins, for the position of Foreman, that he told me that I should not take any test because none had ever been given.

Mr.Al Young, address unknown, knows that he claimed that he had tried to telephone me to tell me about the availability of overtime but that he claimed that he was unable to reach me and gave the overtime to others. Mr.Young knows that there is a longstanding practice of discriminatory award of overtime.

I believe that Bob Silvey, address unknown, knows that Bobby Donovan, white male, was made a working foreman and later, at some time between 1988 and 1999, was promoted to regular foreman and was not required to take any examination before being appointed to the position and that when Donovan retired, approximately December, '02, a certain Cleo Bynoe, a black male, who was the next most senior person in the Shop was not appointed to fill the position but rather Silvey claimed that the position had been phased out.

2.  Identify each person you may call as a witness at hearing/trial on this matter and briefly state their expected testimony.

A.  Plaintiff may call every one of the individual identified in response to #1 and expects that the testimony of the witnesses will be as stated above. Plaintiff also expects to call Dr.Johnnie Hamilton-Mason, Ph.D., 1601 Washington Street, Boston, Ma. Her testimony is expected to be that I complained to her of stress and anxiety, following upon the various acts of racial discrimination and harassment which I experienced and that the symptoms which I manifested, were consistent with those of someone who had been subjected to racial discrimination and harassment. Dr.Mason is expected to testify that I suffered from post traumatic stress disorder and that in her opinion, to a reasonable degree of medical certainty, it was caused by racial harassment and racial discrimination which I experienced in the course of my employment with the City of Boston.

3.  Identify any communications with respondent David Higgins, whether written or oral, you have had concerning your charge or the events giving rise to your charge.

2

A. I recall that Mr. Higgins told me that I should not take it personally, he was not a racist but I had no communication skills, that he wanted to school me and that he had given the job to Paul Musto.

4. Identify all damages you claim to have suffered as a result of respondent's conduct, including without limitation:

a. the date(s) which the alleged damages where (sic) incurred;
b. the subject matter of the alleged damages;
c. how respondent caused such damages.

A. I believe that the wages which I lost as a result of the denial of promotions, starting in 1999, amount to approximately $21,819.72. These damages were caused by the defendants' discriminatory refusal to promote me to the position of foreman. I believe that I lost approximately $58 per day in overtime but cannot set forth the sum total because the respondents have not told me of every date on which overtime was discriminatorily denied to me. I have suffered emotional distress and pain in my right lower stomach beginning at some time on Dr. King's birthday, '00 to Spring, '03. I began treating with Dr. Hamilton-Mason in '02, approximately once per month and co-paid $5 per visit. I estimate that my damages for emotional approximate $500, 000. These damages were caused by the continuing discriminatory conduct and retaliation of respondents and by the cover up of the facts by the respondents.

5. Identify each person you expect to call as an expert witness at hearing and:

a. state the subject matter upon which the expert is expected to testify;
b. state the substance of the facts and opinions to which the expert is expected to testify;
c. state a summary of the ground(s) for each such opinion;
d. summarize the education, background, experience and training of such expert;
e. provide a list of all publication authored or co-authored by the expert; and
f. identify all testimony given by such expert whether at the trial, hearing or deposition and identify any expert reports authored or co-authored by such expert.

OBJECTION: The interrogatory is overbroad, vexatious and harassing. Without waiving the Objection, plaintiff answers:

A. See the answer to # 2 supra. Dr. Hamiton-Mason obtained her Ph.D at Smith College and is a tenured professor at Simmons College, Boston, ma. Dr. Mason has testified and was qualified as an expert witness by

Justice Lindsay in the U.S.D.C. (D.Mass.) in the case of Stephenson v. State Street Bank. Complainant will supplement this response upon receiving a list of publications of the expert.

6. Identify your education and work history to date. Include in your answer every position held by you while employed by the respondent and the dates of employment.

A. I received my primary education at Forest Reserve E.C. School, Trinidad. I then attended Fyzabad Intermediate School, 1960-63. I worked at Neal & Massy, Cipero St., San Fernando, Trinidad, as a Mechanic, 1961-69; Hoover Motors-Adams Street, E.Milton, Ma., Mechanic, 1969; Volvo Village, 614 Beacon Street, Newton Centre, 1969-81, mechanic; South Shore Volvo,Cambridge, Ma. 1983-85, Mechanic; City of Boston DPW, 1986 to February, '04, Mechanic.

7. Identify all documents you believe support your claim or which you may introduce at hearing/trial.

OBJECTION: The interrogatory is overbroad, vexatious and harassing. Without waiving the Objection, plaintiff answers:

A. I have not yet determined what documents I will introduce at trial. The City of Boston's Employee Handbook; 29 CFR S.1607; support my claims. I reserve the right to supplement this answer when I obtain documents from the respondents.

8. State whether you have been a plaintiff or defendant in any lawsuit. For each such lawsuit, identify:

a. whether you were a plaintiff or defendant;
b. the court in which such litigation was filed;
c. all parties to the litigation;
d. the court caption;
e. the nature of the litigation; and
f. the disposition of the litigation.

A. No.

9. Please state whether you have ever been arrested or convicted of a crime. For each such arrest or conviction, identify:

a. the crime for which you were charged or convicted.;
b. the stated in which you were charged;
c. the court in which you were;

4

d. the disposition of the charge, including without limitation whether you were sentenced, placed on probation or were fined.

OBJECTION: The interrogatory is overbroad, vexatious and harassing and not likely to lead to the discovery of admissible information. Without waiving the Objection, plaintiff responds:

A. I have not been convicted of any crime. I was convicted of O.U.I. on or about 25th.August, 1988 and placed on 1 year's probation in the Roxbury District Court. I believe that I was placed on probation in Quincy District Court for O.U.I in 1988 and placed on probation.

10. Describe each and every instance of discrimination against you on the basis of race by the City of Boston Public Works Department described in your Complaint, identifying:

a. The date;
b. The individual whom you allege discriminated against you;
c. The acts of discrimination committed by that individual;
d. Any individuals who witnessed events described in (c); and
e. The circumstances leading you to believe that animus toward your race motivated the acts described in ©.

OBJECTION: The interrogatory is vexatious and harassing. Without waiving the Objection, plaintiff responds:

A. The City of Boston denied me promotions; denied me overtime. I do not know the names of the individuals who made the ultimate decisions to deny the promotions and the overtime but I believe that final authority for promotional decisions were made by the Commissioner, Mr.Cassazza. The fact that I was the most senior qualified individual and that the long-standing practice was to promote the most senior qualified person, which led to the promotion of white foremen, leads me to believe that the denials were racially motivated. I do not know whether there were witnesses to the discriminatory acts which I have described.

11. Please describe the instances in which you were subjected to disparate treatment by your fellow employees and any and all incidents described in your Complaint, stating:

a. The date(s);
b. The names of the individuals involved;
c. The acts or statements which constituted disparate treatment as described in your Complaint;
d. Any individuals who witnessed events described in © and,

e. The circumstances leading you to believe that events described in ©
   were related to your race or gender.

    A. See response to #1, supra. I do not recall the dates on which I
   was denied overtime. I do not know whether there were
   witnesses to the denial of the overtime. I believe that the
   denial of overtime was discriminatory because white
   employees received it and I did not.

12. Please identify each and every time you were assigned Temporary
    Acting Foreman at Central Fleet Maintenance and identify:

a. The names of all persons involved in assigning you the position;
b. The duration (number of days) of each assignment;
c. The additional duties that you took on as Temporary Acting Foreman;
   and
d. Whether you asked to be compensated for performing the duties of
   Temporary Acting Foreman.

OBJECTION: Defendant has served more the number of interrogatories
permitted by the Rules, without leave of court or assent of counsel for
plaintiff. Plaintiff hereby interposes a Continuing Objection to every
interrogatory propounded from this point. The interrogatory is vexatious,
overbroad and harassing. Without waiving the Objection, plaintiff
responds:

A. See Answer #1, supra. I believe that I served as Temporary Acting
Foreman on 3/4/00; 5/1/00-5/3/00, 5/9/00; 5/11/00-5/12/00,
5/18/00,7/3/00, 7/12-7/13/00. I believe that it was Al Young who assigned
me to the position. I believe that the additional responsibilities was
instructing employees in performance of their duties and assigning the
work in the Shop. I do not recall whether I asked to be compensated for
the duties of Temporary Acting Foreman.

13. Please describe how you have more experience than Boston Public
    Works employee James Monaghan.

A. I believe that I have worked as a mechanic for more years than
   Mr.Monaghan.

14. Please describe how you have more experience than Boston Public
    Works employee Paul Musto.

A. I believe that I have worked as a mechanic for more years than
   Mr.Musto.

6

15. Please list all educational training you have received since beginning your employment with the City of Boston, including:

a. Degrees;
b. Certificates;
c. Certifications;
d. Diplomas; and
e. Course credit.

A. I have had training at 400 Frontage Road in Enhanced Safety Emissions Inspectors' Licence; a two day class at the Boston Globe on Electronics for trucks. I received Certificates for: a Training Program conducted by New England Detroit Diesel-Allison, Inc. in June, 1997; a Training Program in September, 1993 conducted by Power Products, Inc. on Allison Transmission Electronic Controls; Training in CFC-12 refrigerant recycling and service, conducted by the Mobile Air Conditioning Society in 1994; Air Brake Clinic, conducted in October, 1997 by Midland-Grau; Air Brake Clinic, conducted in August, 1998, conducted by Haldex Midland Services.

16. Please describe specifically any incidents in the last ten years where you believe that you were treated differently by the Boston Public Works Department or any of its employees on account of your race.

OBJECTION: The interrogatory is vexatious and harassing. Without waiving the Objection, plaintiff responds:

A. See answer to #1. The defendants promoted James Monaghan and Paul Musto, in discriminatory preference over me. The City of Boston discriminatorily denied me overtime. I believe that Al Young was one of the foremen who denied me overtime.

17. Please state if you reported any of these incidents to the Boston Public Works Department; to whom the allegations were reported; and describe the outcome of the report.

A. I reported the discriminatory denial of overtime to Kenny Geggoria, Asst.President of the union, Local 445. I did not receive any report from the Union.

18. Please identify:

a. the number of therapy sessions you attended with Dr.Johnnie Hamilton-Mason;
b. the name of the person who referred you to Dr.Hamilton-Mason;
c. the dates that you met with Dr.Hamilton-Mason; and

7

d. the general content of your discussions with Dr.Hamilton-Mason.

OBJECTION: The interrogatory is vexatious and harassing and seeks information protected by privilege. Without waiving the Objection, plaintiff responds:

A. I do not know the number of sessions which I had with Dr.Mason nor the dates on which I met with her. W.Kendall, esq., referred me to Dr.Mason. I complained to Dr.Mason of pain in my stomach, of depression and of the discrimination which I was experiencing on the job. I reserve the right to supplement this answer when I obtain further information from the office of Dr.Hamilton-Mason.

19. Please identify each and every person who specifically informed you that promotions to Foreman are based solely on seniority.

OBJECTION: The interrogatory is misleading. Without waiving the Objection, plaintiff answers:

A. I do not recall whether anyone told me that promotions were based solely on seniority. Charlie Gately, deceased, former Director of Public Works, interviewed me in 1986 for a position as a mechanic. During the interview, he told me that promotions were based on seniority. Stephen Coker told me that promotions were based on seniority. Al Young told me that I was next in line for the foreman's position because I had the most seniority.

OBJECTIONS BY:

W.Kendall
Counsel for Plaintiff

_____
Roderick Diaz
Signed under penalties of perjury.
Date: _____ May, '06.

8