UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ,

    Plaintiff,

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

    Defendants.

**THE DEFENDANTS', CITY OF BOSTON AND DAVID HIGGINS, MOTION TO COMPEL PLAINTIFF TO SUBMIT TO A MENTAL EXAIMINATION PURSUANT TO FED. R. CIV. P. 35**

The Defendants, City of Boston and David Higgins, move to compel the Plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35(a). Defendants request that the Plaintiff be produced to Dr. Martin Kelly for mental examination at a time and date convenient to the Plaintiff within the discovery schedule.[1]

---

[1] The Court allowed the parties joint motion to continue the discovery schedule by 30 days on November 7, 2006. Accordingly, the parties have until November 30, 2006, to complete discovery and until December 1, 2006, to designate experts. Given the Thanksgiving holidays, there is limited time left for the parties to conduct the mental examination requested within the discovery period and time is of the essence, hence the Defendants' desire to resolve the issue.

In support of said motion, the Defendants state the following:

1. The Plaintiff claims that he suffered from post-traumatic stress disorder that was allegedly caused by racial harassment and discrimination at the City of Boston Department of Public Works. The Plaintiff estimates that his damages for emotional distress totals $500,000.00.

2. In his answers to Defendants' Interrogatories, the Plaintiff identifies Dr. Hamilton-Mason as a treating physician and an expert witness.

3. The City of Boston intends to designate Dr. Martin Kelly as an expert witness in this case.

4. To comply with Fed. R. Civ. P. 26(2)(b), Dr. Kelly must produce a report that, "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions. . ."

5. It is critical to the Defendants' defense in this case that Dr. Kelly be afforded the opportunity to examine the Plaintiff, to form his expert opinion.

6. It would create an uneven playing field to prohibit the Defendants' expert from examining the Plaintiff, when Plaintiff's expert has had the opportunity.

7. Dr. Kelly's testimony will be weakened if the Court denies the instant motion. Without the ability to examine the Plaintiff, make diagnosis, administer tests, and reach conclusions, the Defendants will be at a severe and unfair disadvantage.

8. Dr. Kelly is a licensed, certified psychiatrist and he meets the requirements of Fed. R. Civ. P. 35(a).

WHEREFORE the Defendants, City of Boston and David Higgins, move this Honorable Court to Compel the Plaintiff to

Submit to a Mental Examination with Dr. Martin Kelly at a time convenient to the Plaintiff within the discovery schedule.

        Respectfully submitted,
        DEFENDANTS, CITY OF BOSTON and
        DAVID HIGGINS
        William F. Sinnott
        Corporation Counsel

        By their attorneys:


        /s/ Kate Cook
        Kate Cook BBO# 650698
        Nicole Murati Ferrer BBO# 661474
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        617-635-4022 (Cook)
        617-635-4045 (Murati Ferrer)

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that I spoke with Plaintiff's Attorney, Winston Kendall, on November 2, 2006, informing him that I intended to file this Motion to Compel Plaintiff to Submit to a Mental Exam. At that time attorney Kendall said he would call me back on November 3, 2006, to disclose whether Plaintiff would agree to said exam. On November 7, 2006, the parties again discussed the Defendants' intent to file the instant motion and attorney Kendall stated he still did not have authority from his client to assent to the motion. Accordingly, we were unable to resolve or narrow the issue prior to filing the above motion.

> Respectfully submitted,
> DEFENDANTS, CITY OF BOSTON and
> DAVID HIGGINS,
> William F. Sinnott
> Corporation Counsel
> By their attorney:
>
> /s/ Kate Cook
> Kate Cook
> BBO# 650698
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> 617-635-4022

4