UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. #05-10154-NG

| | |
|---|---|
| RODERICK DIAZ | PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| v. | ON LIABILITY AGAINST DEFENDANT CITY |
| DAVID HIGGINS ET AL. | OF BOSTON |

Pursuant to Rule 56, FRCP, plaintiff moves that this court order entry of summary judgment on liability, against defendant City of Boston on account of disparate treatment and disparate impact.

Plaintiff states that in connection with his applications for a supervisory position as Motor Equipment Repair Foreman (MERF) in 1999 and 2001, the defendant City of Boston used Selection Procedures which were entirely subjective and which produced a disparate impact, 29 CFR S.1607.4(D), on the plaintiff, who is a black male and a member of the protected class. Watson v. Fort Worth Bank & Trust Co., 487 U.S. 977 (1988); Boston Police Sup. Officers Fed. v. City of Boston, 147 F.3d 13, 20-22 (1st.Cir., 1998).

The defendant is a recipient of federal funds and is required, as a recipient of such funds to maintain an Affirmative Action Plan/Program and to monitor adherence by supervisory officials to its provisions in the enforcement of personnel procedures. In violation of the provisions of 29 CFR S.1607.5(B), defendant conducted no validation tests with regard to the selection procedures it used for making the decisions on plaintiff's applications for promotion to MERF.

Plaintiff further states that the defendant did not consider any changes to this selection procedure which it stated worked very well.

The facts set forth in plaintiff's Response To Defendants' L.R. 56.1 Statement and plaintiff's L.R. 56.1 Statement In Support of Cross-Motion For Summary Judgment, provide direct evidence of racial discrimination and also that the reasons offered for the adverse employment action were false and cannot be credited by the court. Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34 ('05); Blare v. Husky Injection Moulding Sys. Boston, Inc., 419 Mass. 437 ('95).

Plaintiff relies upon and incorporates by reference, the plaintiff's L.R.Statement Of Facts In Support Of Cross-Motion For Summary Judgment On Liability Against The City of Boston and plaintiff's Response to Defendants' L.R. 56.1 Statement and the Exhibits to which reference is made therein, in support of this motion.

Plaintiff,
By his Attorney,

_____
W.Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

CERTIFICATE OF SERVICE

I, W.Kendall, hereby certify that on 20th. February, '07, I made service of the foregoing, first class mail, postage pre-paid on Nicole Murati Ferrer, esq., City of Boston Law Dept., 1 City Hall Plaza, Room 615, Boston, Ma. 022201.

_____
W.Kendall