UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

```
RODERICK DIAZ

v.

DAVID HIGGINS, Individually,
and, in his capacity as Director
of Central Fleet Maintenance,
City of Boston Department of
Public Works; and CITY OF BOSTON
```

**DEFENDANTS' RESPONSES AND OPPOSITION TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' L.R. 56.1 STATEMENT OF FACTS**

David Higgins ("Higgins") and the City of Boston ("City"), (collectively referred to as "Defendants"), hereby respond to and oppose, in part, *Plaintiff's Response and Opposition to Defendants' L.R. 56.1 Statement of Facts*. Generally, the Defendants state that Plaintiff's responses and objections are not supported by the record, and consist of legal arguments and conclusions. Specifically, the Defendants state as follows.

15. Defendants' Statement of Fact: "The Plaintiff was asked fair questions." Plaintiff testified as such in his deposition, and therefore, this fact is undisputed. Exhibit D[1], *Diaz Depo II*, pg. 23:6-7. Defendants object to Plaintiff's

---

[1] All of the Exhibits referred to herein correspond to those attached to *Defendants' Local Rule 56.1 Statement of Facts and Supporting Documentation* previously filed with this Court in support of the *Defendants' Motion for Summary Judgment*.

qualified answer as it misrepresents the deposition testimony and is wholly irrelevant to the fact identified in this paragraph.

33. Defendants' Statement of Fact: "The Plaintiff thought the questions were fair."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Exhibit D, *Diaz Depo II*, pg. 41:15-18.  Defendants object to Plaintiff's qualified answer as it misrepresents the deposition testimony and is wholly irrelevant to the fact identified in this paragraph.  To the extent that Plaintiff's qualified response is given any weight, the Defendants object to the conclusions of law therein.

34. Defendants' Statement of Fact: "The Plaintiff thought it was reasonable and necessary for the interviewers to ask questions with regard to out-of-service criteria."  Plaintiff testified in his deposition that those questions were not unreasonable and were supposed to be asked, and therefore, this fact is undisputed.  Exhibit C, *Diaz Depo I*, pgs. 60-61:18-2.

50. Defendants' Statement of Fact: "According to the union contracts between the City of Boston and AFCSME for the relevant years, an employee's seniority status is considered for purposes of hiring or promoting only if the qualifications and abilities of the employees are substantially equal."  The contracts so state, and therefore, this fact is undisputed.  Exhibit E,

*Kelley Aff.*, ¶24. Defendants object to Plaintiff's qualified answer as the citation provided is incomplete and incomprehensible. Moreover, Defendants object to Plaintiff's response on the bases that it is based on double hearsay and unreasonable inferences not supported by the record. Plaintiff cannot refute this fact, and therefore, it is undisputed. Exhibit E, *Kelley Aff.*, ¶24.

    55. Defendants' Statement of Fact: "The Plaintiff's seniority date was not a consideration for the 1999 and 2001 positions because seniority is only relevant if the qualifications and abilities of the employees are substantially equal." Defendants' object to Plaintiff's qualified answer as the citation provided is incomplete and incomprehensible. Moreover, Defendants object on the bases that Plaintiff's response is based on double hearsay and unreasonable inferences not supported by the Plaintiff's own testimony. Plaintiff cannot refute this fact, and therefore, it is undisputed. Exhibit G, *Higgins Aff.*, ¶23.

    56. Defendants' Statement of Fact: "CFM has never appointed foreman positions solely on the basis of seniority." Defendants object to Plaintiff's qualified response as it is not supported by the cited deposition testimony – Coughlin's testimony was that he did not know if seniority had been the criteria in the past promotions in the DPW not CFM. Exhibit J,

pg. 28:7-14. Plaintiff cannot refute that CFM never appointed foreman positions solely on the basis of seniority, and therefore, this fact is undisputed. Ex. H, *Higgins Depo I*, pgs. 91-92:20-3; Ex. J, *Coughlin Depo*, pg. 28:11-17.

57. Defendants' Statement of Fact: "All of the people who were appointed to any position in CFM went through the same interview process as the Plaintiff." Defendants object to Plaintiff's qualified answer as the information raised therein is irrelevant to this lawsuit or the time period in question.

65. Defendants' Statement of Fact: "The Plaintiff did not tell anyone at CFM or the City he had an attorney." Plaintiff testified as such in his deposition, and therefore, this fact is undisputed. Ex. D, *Diaz Depo II,* pg. 38:2-4.

68. Defendants' Statement of Fact: "Higgins has never said a racist comment to Plaintiff." Plaintiff testified as such in his deposition, and therefore, this fact is undisputed. Ex. D, *Diaz Depo II*, pg. 45:9-11. Defendants object to Plaintiff's qualified response as to his English skills because it is irrelevant.

69. Defendants' Statement of Fact: "Plaintiff has never heard Higgins say a racist comment to anyone." Plaintiff testified as such in his deposition, and therefore, this fact is undisputed. Ex. D, *Diaz Depo II*, pg. 45:12-14.

73. Defendants' Statement of Fact: "Plaintiff left the

City in 2004 to go work for Massport.  At Massport Plaintiff makes more money than when he worked at the City and has better benefits."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. D, *Diaz Depo II*, pgs. 55-56:15-5.

    74.  Defendants' Statement of Fact: "After Plaintiff did not receive the promotion at the City in 1999, he did not apply to jobs outside the City."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. D, *Diaz Depo II*, pgs. 56-57:22-1.

    77.  Defendants' Statement of Fact: "During his entire tenure at the City of Boston, Plaintiff never heard any racial slurs or comments."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. D, *Diaz Depo II*, pg. 61:17-19.

    80.  Defendants' Statement of Fact: "Overtime in the winter is equally divided."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. C, *Diaz Depo I*, pg. 87:5-7; Ex. D, *Diaz Depo II*, pg. 87:4-5.

    83.  Defendants' Statement of Fact: "Although Plaintiff could have asked for more overtime work, he never asked for it."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. C, *Diaz Depo I*, pg. 88:8-12, 24.  Plaintiff's qualified response is irrelevant as the Defendants

5

do not represent the union.

    87.  Defendants' Statement of Fact: "To be a good supervisor, one needs good communication skills."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. D, *Diaz Depo II*, pgs. 105-106:21:4.  Plaintiff's qualified response to this fact is irrelevant.

    88.  Defendants' Statement of Fact: "After Plaintiff did not get the 1999 MERF position or the 2001 position, he continued to eat in the communal lunchroom, get to work 15-20 minutes early, watch TV with the other HMERs and spend time with the other employees."  Plaintiff testified as such in his deposition, and therefore, this fact is undisputed.  Ex. D, *Diaz Depo II*, pgs. 58-61:16-10.  To the extent that Plaintiff's qualified response is given any weight, the Defendants object to the conclusions of law therein.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity and CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By their attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by mail.**

**3/6/07   /s/ Nicole Murati Ferrer**
**Date    Nicole Murati Ferrer**

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474

7