UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

| |
|---|
| RODERICK DIAZ <br><br> v. <br><br> DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON |

**DEFENDANT CITY OF BOSTON'S RESPONSES AND OPPOSITION TO PLAINTIFF'S L.R. 56.1 STATEMENT OF FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT ON LIABILITY AGAINST THE CITY OF BOSTON**

Defendant, City of Boston ("City"), objects to *Plaintiff's L.R. 56.1 Statement of Facts in Support of Cross-Motion for Summary Judgment on Liability Against the City of Boston* on the basis that it does not raise or identify any material fact with regard to the above-referenced case. The City further responds and objects as follows.

    1.   Denied.

    2.   Admitted.

    3.   Denied.  Higgins testified that two African Americans had supervised in the supervisor positions.  It cannot be inferred that six were white as there are employees other than

African American and whites that work for the City.  Exhibit H[1], *Higgins Depo I*, pgs. 34-35:10-15.

    4.    Admitted.

    5.    Admitted.

    6.    Denied with respect to Mr. Prescott's appointment. Ms. Kelley testified she did not know when Mr. Prescott was appointed to the foreman position but she *believed* it occurred in 1998 through Chapter 282.  Exhibit F, *Kelley Depo*, pgs. 18-19:9-9.  Admitted only with respect to Ms. Kelley's duties.

    7.    The City objects to the phrasing of this statement and admits only that Mr. Higgins testified that the criteria used to select the most qualified candidate for the position were education, experience and job knowledge.  Exhibit H, *Higgins Depo I*, pg. 51:18-23; pgs. 54-55:24-18.

    8.    Denied – Mr. Higgins testified that he did not think so but he could not answer the question as he had never done the comparison analysis he was being asked about by Plaintiff's counsel.  Exhibit H, *Higgins Depo I*, pg. 42:5-16; pgs. 44-45:24-5.

    9.    The City objects to the statement made on this paragraph as there is no documentary or testimonial evidence in

---

[1] All of the Exhibits referred to herein correspond to those attached to Defendants' Local Rule 56.1 Statement of Facts and Supporting Documentation previously filed with this Court in support of the Defendants' Motion for Summary Judgment.

the record to support it.  Therefore, the statement should not be considered as a fact by this Court.  See L.R. 56.1.  To the extent that a response is required, the City denies the statement and refers the Court to the lack of documentary or testimonial evidence in the record in support of its denial.

    10.    Admitted.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    The City objects to the phrasing of this statement and admits only that Ms. Kelley stated she did not know whether there was an imbalance because she did not have records to refer to at the time of the deposition.  Exhibit F, *Kelley Depo.*, pgs. 22-23:14-1.  She also testified that it was part of her job to keep records that she could refer to with regard to the racial breakdown of supervisor officials in the various departments but it was not part of her job to know it off the top of her head.  Exhibit F, *Kelley Depo.*, pg. 23:5-13.

    15.    Admitted.

    16.    The City objects to the phrasing of this statement and admits only that Ms. Kelley testified "I guess I can best answer [the measures my office takes to ensure there is no racial discrimination in employment at CFM] is that I review any transactions that are made by any of our managers in hiring or

disciplinary process.  That's certainly one of the things that I would be looking at when I review them."  Exhibit F, *Kelley Depo.*, pgs. 14-15:18-9.

17.  The City objects to the phrasing of this statement and admits only that although Ms. Kelley testified she used her own knowledge, when she explained what that knowledge was she mentioned using the civil service lists, which is a document. Exhibit F, *Kelley Depo.*, pgs. 15-16:10-3.

18.  The City objects to the phrasing of this statement and admits only that Ms. Kelley testified she participated in the interview panel for the 2001 MERF position, was involved in preparing the job description and thereafter had no role to play until the Commissioner approved the interviewing panel's recommendation when she would then process the paperwork. Exhibit F, *Kelley Depo.*, pgs. 29-30:7-5.

19.  Admitted that Kelley testified that she did not talk to anyone at the office of Human Resources of Affirmative Action Office about the selection criteria used during the 2001 MERF interviews.  Exhibit F, *Kelley Depo.*, pgs. 37:13-19; 40-41:4-19.

20.  Admitted.

21.  The City objects to the phrasing of this statement because it is out of context.  Moreover, objection is made because this statement does not raise or identify any material fact with regard to this case.  Without waiving the foregoing

4

objections, the City admits that Ms. Kelly testified she reviewed the documents necessary to comply with the 30(b)(6) deposition's notice requests.

    22.  The City objects to the statement made on this paragraph as there is no documentary or testimonial evidence in the record to support it.  Therefore, the statement should not be considered as a fact by this Court.  See L.R. 56.1.  To the extent that a response is required, the City denies the statement and refers the Court to the lack of documentary or testimonial evidence in the record in support of its denial.

    23.  The City objects to the statement made on this paragraph as there is no documentary or testimonial evidence in the record to support it.  Therefore, the statement should not be considered as a fact by this Court.  See L.R. 56.1.  To the extent that a response is required, the City denies the statement and refers the Court to the lack of documentary or testimonial evidence in the record in support of its denial.

    24.  Admitted only to the extent that Mr. Higgins testified he did not considered alternative processes because in his opinion the one used worked very well.  Exhibit H, *Higgins Depo I*, pg. 86:14-23.

    25.  Admitted.

    26.  Admitted.

    27.  The City objects to the statement made on this

paragraph as there is no documentary or testimonial evidence in the record to support it.  Therefore, the statement should not be considered as a fact by this Court.  See L.R. 56.1.  Moreover, the City objects to this statement as the information therein is not a material fact but rather a citation of law.  To the extent that a response is required, the City denies the statement and refers the Court to the lack of documentary or testimonial evidence in the record in support of its denial.

28.  The City objects to the statement made on this paragraph as there is no documentary or testimonial evidence in the record to support it.  Therefore, the statement should not be considered as a fact by this Court.  See L.R. 56.1.  Moreover, the City objects to this statement as the information therein is not a material fact but rather a citation of law.  To the extent that a response is required, the City denies the statement and refers the Court to the lack of documentary or testimonial evidence in the record in support of its denial.

29.  Denied.  Exhibit B, *Defendant City of Boston's Responses to Plaintiff's Requests for Admissions*, Response No. 14.

30.  Admitted.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity and CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By their attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by mail.**

**3/6/07   /s/ Nicole Murati Ferrer**
**Date     Nicole Murati Ferrer**

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474