**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-10154-NG**

RODERICK DIAZ

v.

DAVID HIGGINS, Individually,
and, in his capacity as Director
of Central Fleet Maintenance,
City of Boston Department of
Public Works; and CITY OF BOSTON

### DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT CITY OF BOSTON

Plaintiff, Roderick Diaz's (the "Plaintiff"), cross-motion for summary judgment against Defendant City of Boston (the "City"), on his Title VII claim should be denied as a matter of law. For starters, the cross-motion is essentially a response to the City's motion for summary judgment and because it fails to "adduce [any] specific facts establishing the existence of at least one issue that is both 'genuine' and 'material,'"[1] it should be denied. Moreover, the cross-motion should be denied because the Plaintiff is unable to show sufficient evidence to establish the essential elements of his claims of disparate

---

[1] *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and cases cited).

impact or treatment.  See *Feliciano v. El Conquistador Resort and Country Club*, 218 F.3d 1, 6 (1st Cir. 2000).

In further support of its opposition, the City hereby incorporates by reference and makes a part hereof, the facts and arguments raised in: *Defendants' Motion for Summary Judgment*; *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*; *Defendants' Local Rule 56.1 Statement of Facts and Supporting Documentation*; *Defendants' Responses and Opposition to Plaintiff's Response and Opposition to Defendants' L.R. 56.1 Statement of Facts*; and *Defendant City of Boston's Responses and Opposition to Plaintiff's L.R. 56.1 Statement of Facts in Support of Cross-Motion for Summary Judgment on Liability Against the City of Boston*.

## FACTUAL BACKGROUND[2]

In November 1999, the Plaintiff applied for a Motor Equipment Repair Foreman ("MERF") position in the light shop. *SOF*, ¶12.  The Plaintiff was interviewed by the same panel that interviewed the other candidates, was asked fair questions which were all job related, and was subjected to the same process as the other applicants.  *SOF*, ¶¶ 13-17.  The Plaintiff, however,

---

[2] This background is intended to provide a brief description of the facts relevant to Plaintiff's cross-motion for summary judgment.  For a more thorough description of the facts and circumstances, please refer to *Defendants' Local Rule 56.1 Statement of Facts and Supporting Documentation* ("SOF"), *Defendants' Responses and Opposition to Plaintiff's Response and Opposition to Defendants' L.R. 56.1 Statement of Facts* and *Defendant City of Boston's Responses and Opposition to Plaintiff's L.R. 56.1 Statement of Facts in Support of Cross-Motion for Summary Judgment on Liability Against the City of Boston*.

was not appointed to the position. *SOF*, ¶22. As a result, in 2000, he filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), alleging the City discriminated against him on the bases of race, age and national origin. *SOF*, ¶24. The MCAD dismissed the complaint for lack of probable cause. *SOF*, ¶25. The Plaintiff appealed, but the decision was affirmed. *SOF*, ¶26.

In July 2001, Plaintiff applied for a MERF position in the heavy shop, along with three other candidates. *SOF*, ¶¶ 27-29. The Plaintiff was interviewed by the same panel that interviewed the other candidates, and was asked fair questions which were all job related. *SOF*, ¶¶ 28-43. Out of twenty-eight interview questions, Plaintiff incorrectly answered twenty-one and a half questions; he was not awarded the position. *SOF*, ¶¶ 41, 43. In contrast, the candidate who was awarded the position answered only three questions wrong. *SOF*, ¶42. The Plaintiff was not awarded the position because the interviewing panel concluded he was not qualified for the job. *SOF*, ¶¶ 38-43. Plaintiff, however, alleges he was not appointed to the position as retaliation for the 2000 MCAD complaint and in violation of Title VII. *SOF*, ¶¶ 46-47.

After Plaintiff was not awarded the 2001 MERF position, Defendant David Higgins ("Higgins"), met with Plaintiff and informed him he was not awarded the position because he lacked

communication skills. *SOF*, ¶45. Higgins offered to coach or school Plaintiff on his communication skills. *SOF*, ¶45.

## STANDARD OF REVIEW

To prevail on summary judgment, the moving party must establish there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pure Distrib., Inc. v. Baker*, 285 F.3d 150, 154 (1st Cir. 2002). Summary judgment is appropriate when plaintiff fails to show sufficient evidence to establish an essential element of his case, on which he bears the burden of proof at trial. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999).

To the extent that Plaintiff's cross-motion and opposition memorandum is treated as a response to the City's summary judgment motion, it should be denied as it fails to present any facts to establish that there is a genuine issue of material fact. See *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and cases cited). Furthermore, to the extent it is treated as a separate and independent motion, the Plaintiff's cross-motion should be denied because the evidence shows Plaintiff is unable to establish the essential elements of a Title VII claim.

**ARGUMENT**

Contrary to Plaintiff's contention, Higgins's statement as to Plaintiff's lack of communication skills and Higgins's offer to coach or school him in that regard, are not direct evidence of discrimination in violation of Title VII.  See *Fernandes v. Costa Brothers Masonry, Inc.*, 199 F.3d 572, 583 (1st Cir. 1999)[3] (ambiguous statements are not direct evidence).  Therefore, to win at the summary judgment level, the Plaintiff's claims of disparate treatment and impact must survive the *McDonnell-Douglas* three step burden-shifting test.  See *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989); *Quinones v. Buick*, 436 F.3d 284, 289 n.1 (1st Cir. 2006).  For the reasons set forth in *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, § 2, and those stated below, Plaintiff's cross-motion must be denied.

    **1.   The record does not present any facts to support a disparate treatment claim under Title VII.**

To establish a disparate treatment claim under Title VII, Plaintiff must first establish a prima facie case of race discrimination and then must show that the City's articulated reason for not awarding him the MERF position was a pretext and the real reason was because of discriminatory animus.  See *Feliciano v. El Conquistador Resort and Country Club*, 218 F.3d

---

[3] Abrogated on other grounds.

1, 6 (1st Cir. 2000). At all times the focus is whether Plaintiff can prove discrimination. *Conward v. Cambridge School Committee*, 171 F.3d 12, 20 (1st Cir. 1999).

Out of twenty-eight interview questions, Plaintiff incorrectly answered twenty-one and a half questions; the person appointed incorrectly answered only three. The record is clear – Plaintiff was not appointed to the MERF position because he was not qualified; his race was never a factor. Because there is no proof of discriminatory motive or intent on the part of the City, the Plaintiff's cross-motion must be denied.

### 2. The record does not present any facts to support a disparate impact claim under Title VII.

The record before this Court does not contain any evidence showing the interview process used by the City "'fall[s] more harshly on one group than another and cannot be justified by a business necessity.'" See *Bramble v. American Postal Workers' Union*, 135 F.3d 21, 26 (1st Cir. 1998) (citations omitted). Rather the record shows that Plaintiff was not the most qualified candidate, and therefore, was not awarded the positions. Although Plaintiff now attempts to show a disparate impact as to "black people" by inserting random numbers in his cross-motion, these numbers carry no weight as they are unsupported by the record.

The Plaintiff's cross-motion for summary judgment must be denied because the undisputed record shows that Plaintiff was not appointed to the foreman positions for which he applied because he was not the most qualified candidate.

## CONCLUSION

For the reasons set forth in *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, § 2, those articulated above, and those which may be orally present to the Court, the *Plaintiff's Cross-Motion for Summary Judgment on Liability Against Defendant City of Boston* must be denied.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By its attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by mail.**

**3/6/07   /s/ Nicole Murati Ferrer**
**Date    Nicole Murati Ferrer**

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474