UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

```
RODERICK DIAZ

v.

DAVID HIGGINS, Individually,
and, in his capacity as Director
of Central Fleet Maintenance,
City of Boston Department of
Public Works; and CITY OF BOSTON
```

**DEFENDANTS' REPLY TO PLAINTIFF'S ATTORNEY
WINSTON KENDALL'S LETTER TO THE COURT DATED MARCH 20, 2007**

Defendants, David Higgins and the City of Boston (the "Defendants"), hereby respond to Plaintiff's Attorney Winston Kendall's letter to the Court dated March 20, 2007, as follows:

(1) Contrary to Mr. Kendall's representations, the McKinnon v. Kwong Wah Restaurant, 83 F.3d 498 (1st Cir. 1996), and Knapp Shoes, Inc. v. Sylvania Shoe Manufacturing Corp., 15 F.3d 1222 (1st Cir. 1994), cases do not support his contention that the Defendants waived the argument that Plaintiff's state race discrimination claims are not properly before this Court. Both of these cases dealt with issues wholly separate from the one presently before this Court, and therefore, are not instructive or persuasive on the issue raised by Plaintiff's counsel.

(2) For instance, the McKinnon case dealt with the failure to name the individual Defendants in the EEOC complaint not with the failure to include a claim in the EEOC Complaint. 83 F.3d at 504-506.

(3) The Knapp Shoes case dealt with the failure of *both parties* to plead limitation of damages until the final day of the liability phase of trial. 15 F.3d at 1226. Knapp Shoes, however, is instructive in that the Court recognized that a party's failure to explicitly raise a Fed. R. Civ. P. 8(c) affirmative defense is excusable when Plaintiff has received notice of it. Id.

(4) In this case, the argument vis-á-vis this Court's lack of jurisdiction over the state race discrimination claims was raised by the Defendants in their motions to dismiss. Moreover, as evidenced in the previous motions filed with this Court and Defendants' prior counsel's representations on the deposition transcripts, this argument and/or defense was constantly argued and raised on behalf of the Defendants.

(5) Accordingly, the Defendants respectfully suggest the aforementioned cases are not instructive on the argument raised in section one (1) of the *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, and thus, should not be considered by the Court when making its decision.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity and CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By their attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by mail.**

**3/22/07   /s/ Nicole Murati Ferrer**
**Date     Nicole Murati Ferrer**

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474

3