UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

## DEFENDANTS' PRE-TRIAL MEMORANDUM

1. <u>Counsel for Defendants</u>:

   Nicole Murati Ferrer
   Assistant Corporation Counsel
   Susan Weise
   First Assistant Corporation Counsel
   City of Boston Law Department
   1 City Hall Square
   Room 615
   Boston, MA 02201
   (617) 635-4045 (Murati Ferrer)
   (617) 635-4040 (Weise)

2. Jury trial.

3. <u>Defendants' Position</u>:

   The evidence will show the Defendants did not retaliate against the Plaintiff for filing an MCAD complaint in 2000. In fact, the evidence will show that at the time Plaintiff claims he was no longer placed in the acting foreman position the Defendants had no knowledge of Plaintiff's protected activity. Moreover, the evidence will show the alleged retaliatory act, failure to place Plaintiff in the acting foreman position, cannot be considered a retaliatory act, and that it did not cause any damages or injuries to the Plaintiff.

4. <u>Established Facts</u>:

(a) David Higgins did not violate Plaintiff's rights under G.L. c. 151B(4). <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(b) David Higgins did not retaliate against the Plaintiff when he did not recommend him for the 2001 foreman position. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 14-15; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(c) The Plaintiff did not sustain his burden of proving David Higgins retaliated against him by failing to provide Plaintiff with overtime opportunities. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pg. 16; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(d) David Higgins did not violate Plaintiff's rights under 42 U.S.C. § 1981. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(e) David Higgins did not interfere with Plaintiff's contract of employment with the City of Boston. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 17-18; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(f) The City of Boston did not violate Plaintiff's rights under G.L. c. 151B(4). <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(g) The City of Boston did not retaliate against the Plaintiff when it accepted David Higgins's recommendation not to award the Plaintiff the 2001 foreman position. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 14-15; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(h) The Plaintiff did not sustain his burden of proving the City of Boston retaliated against him by failing to provide Plaintiff with overtime opportunities. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pg. 16; <u>see</u> <u>also</u> *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

(i) The City of Boston did not violate Plaintiff's rights under 42 U.S.C. § 1981. <u>See</u> *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19,

2007), pgs. 6-14; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

5.  Contested Issues of Fact:

    (a) Whether the Defendants retaliated against the Plaintiff.
    (b) Whether the Defendants failed to place Plaintiff in the acting foreman position.

6.  No jurisdictional questions.

7.  Issue of Law:

    (a) Pursuant to Burlington Northern & Santa Fe Railway Co. v. White, to evaluate a claim of retaliation the "reviewing court or jury [is not] required to consider 'the nature of the discrimination that led to the filing of the charge.' Rather the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." 126 S.Ct. 2405, 2416 (2006) (internal citation omitted).

    (b) Whether the failure to place Plaintiff in the acting foreman position is a retaliatory act.

8.  No amendments to the pleadings.

9.  Additional Matters to Assist in Disposition:

    Whether the sole count in controversy, retaliation on the basis of the alleged failure to place Plaintiff in the acting foreman position, is alive as to Defendant David Higgins in his individual capacity.

10. 3 days.

11. Voir dire procedures submitted under separate cover.

12. Witnesses:

    (a) Factual Witnesses:

    Plaintiff, Roderick Diaz
    329 LaGrange Street
    West Roxbury, MA

    Defendant, David Higgins
    400 Frontage Road
    Boston, MA 02118

    Vivian Leonard

       City of Boston
       City Hall Plaza
       Boston, MA 02201
       Kathleen Haffner (p/k/a Kathleen Kelley)
       City of Boston
       City Hall Plaza
       Boston, MA 02201

       Al Young
       82 Loring Street
       Hyde Park, MA 02136

  (b)    Expert Witness:

       Martin J. Kelly, M.D.
       Boylston Consultation Center
       850 Boylston Street, Suite 303
       Chestnut Hill, MA 02467

13.    <u>Proposed Exhibits</u>:

       Union Contracts
       C.V. of Martin J. Kelly, M.D.

14.    Jury instructions will be submitted under separate cover.

15.    The Defendants reserve their rights to supplement the foregoing document, in addition to the Proposed Jury Instructions and Voir Dire, once the Plaintiff files his Pre-Trial Memorandum. The Defendants further reserve their rights to supplement the aforementioned documents as the evidence unfolds at trial.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON

William F. Sinnott, Corporation Counsel

By their attorneys:

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer (BBO# 661474)
Assistant Corporation Counsel
Susan M. Weise (BBO# 545455)
First Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045 (Murati Ferrer)
(617) 635-4040 (Weise)

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by EFC filing.**

**6/3/08    /s/ Nicole Murati Ferrer**
**Date      Nicole Murati Ferrer**