UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendants respectfully submit the following requests for jury instructions, and hereby reserve the right to supplement or modify after the close of evidence. The Defendants do not waive the right to file a Motion for Judgment as a Matter of Law.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON

By their attorneys:

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer (BBO# 661474)
Assistant Corporation Counsel
Susan M. Weise (BBO# 545455)
First Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045 (Murati Ferrer)
(617) 635-4040 (Weise)

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by EFC filing.**

**6/3/08   /s/ Nicole Murati Ferrer**
**Date     Nicole Murati Ferrer**

**DEFENDANTS' REQUEST NO. 1**

**(Burden of Proof - Preponderance of Evidence)**

The burden of proof is on the Plaintiff in this case to prove every essential element of his claim against the City of Boston and each element of his claim against David Higgins. He must prove each of these elements by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you should consider the testimony of all the witnesses, regardless of who may have produced them. If the Plaintiff fails to establish any element of his claim against the City of Boston by a preponderance of the evidence, you must find for the City of Boston. Also, if the Plaintiff fails to establish any element of his claim against David Higgins by a preponderance of the evidence, you must find for David Higgins.

**Sources:**   *Fed. Jury Prac. & Instr.* § 101.41 (Kevin O'Malley et al., 5th ed. 2004); *Massachusetts Superior Court Civil Practice Jury Instructions*, §1.18 (Patrick F. Brady et al. 2003); Ulwick v. DeChristopher, 411 Mass. 401, 408 (1991).

**DEFENDANTS' REQUEST NO. 2**

**(Burden of Proof)**

To successfully establish a case of retaliation, the evidence presented by the Plaintiff must sustain the *McDonnell-Douglas* three step burden-shifting test.  See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989); *Quinones v. Buick*, 436 F.3d 284, 289 n.1 (1st Cir. 2006) (citations omitted).  First, the Plaintiff must establish by a preponderance of the evidence a prima facie case of retaliation, then the burden of production shifts to the employer to present a legitimate non-discriminatory reason, and finally the burden of persuasion shifts back to the Plaintiff to prove by a preponderance of the evidence that the employer's reason was pretext to cover up the real retaliatory reason.  Id. at 289.

**DEFENDANTS' REQUEST NO. 3**

**(Retaliation – Generally)**

Plaintiff has brought claims against the City of Boston and David Higgins under G.L. c. 151B(4)(4) and Title VII – which both contain provisions that make it unlawful for employers to retaliate against employees who complain about unlawfully discriminatory employment practices.  To engage the gears of either statute, the Plaintiff must show: "(1) [he] undertook in protected conduct; (2) [he] suffered an adverse employment action; and (3) the two were causally linked."  Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005).  See also 42 U.S.C. § 2000e-3(a); G.L. c. 151B(4)(4); Dixon v. International Broth. Of Police Officers, 504 F.3s 73, 81, n.4 (1st Cir. 2007).  Adverse employment action may consist of obvious acts like failure to hire but it may also consist of less obvious acts like harassment which create a hostile work environment.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-117 (2002).  However, for a hostile work environment to qualify as an adverse employment action it must be repeated conduct and it depends on the cumulative effect of the acts; a single act may not be actionable on its own.  Id. at 115.

When evaluating the evidence presented by the Plaintiff as to his retaliation claims you do not have to consider "'the nature of the discrimination that led to the filing of the charge.'  Rather the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the […] complaint."  Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2416 (2006) (internal citation omitted).

## **DEFENDANTS' REQUEST NO. 4**
## **(Retaliation – G.L. c. 151B(4)(4))**

The Plaintiff claims that the defendants retaliated against him for hiring an attorney and filing a grievance at the Massachusetts Commission Against Discrimination. To recover, the Plaintiff must prove to you by a preponderance of the evidence the following elements:

(1) The Plaintiff engaged in protected activity by filing a grievance;

(2) The Defendants were aware of this activity;

(3) The Defendants thereafter took an adverse employment action against the Plaintiff; and

(4) But for the Plaintiff's protected activity, the Defendants would not have taken the adverse employment action against the Plaintiff.[1]

Adverse Employment Action Defined

In order for the Plaintiff to establish that he suffered an adverse employment action, the Plaintiff must prove to you by a fair preponderance of the evidence that he has been materially disadvantaged in respect to salary, grade, or other objective terms and conditions of employment. Subjective feelings of disappointment or disillusionment concerning an employment action do not constitute an adverse employment action.[2]

The Plaintiff must prove that his employer "took any action against him at all which was substantial enough to count as the kind of material disadvantage that is a predicate for a finding of unlawful retaliation."[3]

The Plaintiff must "demonstrate a causal connection between his activity and the alleged retaliatory action."[4]

---

[1] Bain v. City of Springfield, 424 Mass. 758, 764-65 (1997); MacCormack v. Boston Edison Co., 423 Mass. 652, 662-663 (1996); Wheelock Coll. v. MCAD, 371 Mass. 130, 138, 314-15 (1976); Ruffino v. State St. Bank & Trust Co., 908 F.Supp. 1019, 1044 (D.Mass. 1995).

[2] Bain, 424 Mass. at 764-765; MacCormack, 423 Mass. at 662-663; Wheelock Coll., 371 Mass. at 138; Ruffino, 908 F.Supp. at 1044.

[3] MacCormack, 423 Mass. at 662.

[4] Id.

A mere temporal sequence of events is not enough to prove a retaliation claim. Indeed one event following another is not sufficient to make out a causal link in a retaliation claim.[5]

Suspicious and vague, intangible impressions of other employees' conduct toward an employee do not constitute unlawful retaliation.[6]

---

[5] MacCormack, 423 Mass. at 665; Prader v. Leading Edge Products, Inc., 39 Mass App. Ct. 616, 617 (1996).
[6] Bain, 424 Mass. at 768.

**DEFENDANTS' REQUEST NO. 5**
**(Retaliation Title VII)**

Plaintiff has also brought a claim under Title VII of the Civil Rights Act of 1964. To succeed in establishing this claim Plaintiff must show: "(1) [he] undertook in protected conduct; (2) [he] suffered an adverse employment action; and (3) the two were causally linked." Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005).

The Supreme Judicial Court has recently explained that Title VII's retaliatory provision only protects an individual "from retaliation that produces an injury or harm." Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2414 (2006). Therefore, to succeed, the Plaintiff "must show that a reasonable employee would have found the [employer's action] materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. at 2415 (internal citations omitted); see also Billings v. Town of Grafton, 515 F.3d 39, 52 (1st Cir. 2008). The Plaintiff must show a material adversity as Title VII does not set forth a "general civility code for the American workplace. An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Burlington Northern, 126 S.Ct. at 2415 (internal citations omitted).

The reassignment of job duties is not automatically a materially adverse action and is not automatically actionable. See Billings, 515 F.3d at 53, citing Burlington Northern, 126 S.Ct. at 2417. "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Id. An "employee's displeasure at a personnel action cannot, standing alone, render it materially adverse." Billings, 515 F.3d at 53 citing Blackie v. Maine, 75 F.3d 716, 725 (1st Cir.1996).

## **DEFENDANTS' REQUEST NO. 6**

(Temporal Proximity of Alleged Retaliatory Act)

Timing is an important factor in a circumstantial retaliation case such as this one. The larger the time lapse between the protected activity and the alleged retaliatory act, the less the suggestion of retaliation. See Oliver v. Digital Equipment Corp., 846 F.2d 103, 110 (1st Cir. 1988).

**DEFENDANTS' REQUEST NO. 7**

**(Proof of Intent)**

As stated before, Plaintiff must prove that there was a causal link between the materially adverse action and the retaliatory animus of the Defendants.  See Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 335 (1st Cir. 2005).  "At a minimum, there must be competent evidence that the alleged retaliators knew of the plaintiff's protected activity and that a retaliatory motive played a part in the adverse employment actions alleged."  Lewis v. Gillette Co., 22F.3d 22, 23 (1st Cir. 1994) (internal citation omitted).  Proof of retaliatory intent is critical in this case.  If the Plaintiff cannot show the materially adverse action was taken against him with the intent of retaliating against him for engaging in a protected activity, his case against the Defendants fails.  See Mariani-Colon v. Department of Homeland Security ex. rel. Chertoff, 511 F.3d 216, 224 (1st Cir. 2007).

Retaliation is intentional if it is done voluntarily, deliberately, and willfully.  Retaliatory intent may be proven either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent.  Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue, as well as all other facts and circumstances that indicate his state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  See *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

## DEFENDANTS' REQUEST NO. 8

(Business Judgment)

When assessing a Plaintiff's claim of pretext, you must focus on the motivation of the employer, and not its business judgment.[7]  While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination.  The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that you, the jury, would act on or approve.  An employer is entitled to make its own policy and business judgments.

You may consider the reasonableness or lack of reasonableness of the Defendant's stated business judgment along with all the other evidence in determining whether the Defendant discriminated against the Plaintiff.  The reasonableness of the employer's reason(s) may of course be probative of whether the reason(s) are pretexts.  You must keep in mind, however, that your focus is to be on the Defendant's (employer's) motivation and not on their business judgment.[8]

---

[7] Kelley v. Airborne Freight Corp., 140 F.3d 335, 351 n. 6 (1st Cir. 1998).

[8] Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n. 6 (1st Cir. 1979).

**DEFENDANTS' REQUEST NO. 9**

**(Damages – Retaliation)**

The fourth element that the Plaintiff must prove is that he suffered damages as a proximate or legal result of such adverse employment action.  If you find the Plaintiff suffered damages, you may award him money.

You should not consider the fact that I am giving you this instruction about damages as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages to the Plaintiff if you feel he is entitled to your verdict.  Those decisions are entirely for you to make.  I am giving you these instructions solely for your guidance in the event that you find in favor of the Plaintiff on his claims against the City of Boston and David Higgins.  The fact that I give these instructions does not in any way mean that I think you should award any damages if you do find for the Plaintiff; that is entirely for you to decide.  In other words, if you find in favor of the Plaintiff, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of One Dollar ($1.00).

If you find for the Plaintiff on his claims that the City of Boston and/or David Higgins retaliated against him for engaging in protected conduct, then you must determine whether he is entitled to damages in an amount that is fair compensation.  The purpose of awarding compensatory damages is to compensate an injured person for the losses he occurred because of someone else's wrongful conduct.  The object is to try to restore the person to the position he would have been in had the wrong not occurred.  The purpose is not to reward a Plaintiff or to punish the Defendants.

You may award compensatory damages only for injuries that the Plaintiff proved were caused by the Defendants' allegedly wrongful conduct in failure to continue placing him in the acting foreman position.  The Plaintiff must prove that such damages were proximately or legally caused by the unlawful retaliation.  The damages you award must be fair compensation, no more and no less.  The damages you award may not be based on speculation, but should only reasonably compensate the Plaintiff for any actual losses he may have incurred as a result of any unlawful conduct by the Defendants.   Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty to mitigate those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.  You are to assess what is fair, adequate, and just in order to fairly and reasonably compensate the Plaintiff for any injuries that more likely than not caused by the Defendants' claimed retaliation.

**Sources:**     *Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII*, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia;  *Federal Claims Instruction*;  42 U.S.C. §1981a((b)(1).  Model Jury Instructions (Civil) Eighth Circuit § 5.23 (1999).

## DEFENDANTS' INSTRUCTION NO. 10

### (Damages – Emotional Distress)

If you find that the Plaintiff has proved his claims, he may be entitled to reasonable compensation for emotional distress. Emotional distress damages are intended to compensate the Plaintiff for mental anguish or humiliation he may have suffered because of the Defendants' conduct. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by any unlawful conduct by the Defendants.

To recover emotional distress damages, the Plaintiff must prove that he suffered some actual emotional injury. Then the Plaintiff must prove that such injury was actually caused by the conduct of the Defendants rather than by any other cause, such as other stressful personal events or personal issues unrelated to his employment at the City Of Boston. You may not award any damages for any emotional distress or mental pain and suffering, if any, that you find were caused by factors other than the Defendants' alleged retaliation. The damages you award should not be based on speculation, but should only reasonably compensate the Plaintiff for the Defendants' wrongdoing.

**Sources:**   *Fed. Jury Pract. & Instr.* §§ 170.60, 171.90 (Kevin O'Malley et al., 5th ed. 2004) (modified); G.L. c. 151B, § 9; 42 U.S.C. § 1981A (a)(3); Norfolk & Western R. Co. v. Liepelt, 444 U.S. 490, 497-498 (1980); Mullins v. Pine Manor College, 389 Mass. 47 (1983); Bounewood Hospital, Inc., v. MCAD, 371 Mass. 303 (1976); Alhom v. Wareham, 371 Mass. 621 (1976); Buckley Nursing Home, Inc. v. MCAD, 20 Mass. App. Ct. 172, 182 (1985), *rev. denied*, 395 Mass. 1103 (1985).

**DEFENDANTS' REQUEST NO. 11**

(Impartiality)

In reaching your verdict, you must not be swayed by bias, prejudice or sympathy. I am not suggesting that you may not sympathize with the Plaintiff, but you must not permit your sympathy to prevent you from acting fairly and impartially. It is your sworn duty as jurors to act that way. Your duty is to consider impartially all the evidence, to apply the law as I state it to the facts as you find them to be, and reach a just verdict regardless of the consequences.

Source: *E. Debitt & C. Blackman, Federal Jury Practice and Instructions*, § 71.95.

## DEFENDANTS' REQUEST NO. 12

(Parties)

You must consider and determine this case as litigation between persons of equal standing in the community.  You should not be influenced in any way by the fact that Defendant City of Boston is a public entity, nor should you be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation.

**DEFENDANTS' REQUEST NO. 13**

(Evidence)

In analyzing testimony of a witness you may consider the interest of the people who testified. A person's financial interest in a case will often affect his testimony. The testimony of an interested witness should be examined by the jury with more care and scrutiny than the testimony of a witness who has no financial interest or any other interest in the case. See Hathaway v. Checker Taxi Co., 321 Mass. 406, 409-410 (1947).