UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

**PARTIES' JOINT PRE-TRIAL MEMORANDUM**

1.   Counsel for Plaintiff:

    Winston Kendall, Esq.
    136 Warren Street
    Roxbury, MA 02119
    (617) 442-6130

    Counsel for Defendants:

    Nicole Murati Ferrer
    Assistant Corporation Counsel
    Susan Weise
    First Assistant Corporation Counsel
    City of Boston Law Department
    1 City Hall Square
    Room 615
    Boston, MA 02201
    (617) 635-4045 (Murati Ferrer)
    (617) 635-4040 (Weise)

2.   Jury trial.

3.   Plaintiff's Position:

    The employer has no objective criteria for appointing individuals to temporary/acting foreman positions. Those decisions have generally been made by white males, acting on a subjective basis. There has been a pattern which shows that white supervisors generally placed white employees in the acting foreman positions. The plaintiff served as Acting Foreman at

different periods during the years 1997-98 as well as on divers dates between 3/4/00 and 7/12/-7/13/00.  Following the discriminatory denial by Higgins and the employer of his request for promotion to MERF in 1999, plaintiff engaged in 'protected activity' when he approached the Union and requested that it pursue a grievance in his behalf.   The employer denied the grievance.  The grievance proceeded through arbitration and the denial was upheld.  Plaintiff further engaged in 'protected activity' when he engaged counsel to challenge at MCAD proceedings, the employer's discriminatory employment practices.  Subsequent to the plaintiff's resort to the grievance procedure and the administrative process at MCAD, the defendants subjected plaintiff to adverse action, by: (1) removing plaintiff from a temporary foreman position (another employee, acting upon Mr. David Higgins' order, notified plaintiff that he had to vacate that office); (2) refusing to give plaintiff any more acting/temporary foreman assignments.  Plaintiff suffered emotional distress and mental anguish as a result of these wrongful acts.  Plaintiff had to seek mental health counseling at the South End, Community Health Center from Dr. Johnnie Hamilton-Mason.  Plaintiff's presenting symptoms consisted of anxiety and obsessive thoughts related to constantly reflecting on the reasons why he was not promoted.  Plaintiff experienced a persistent sad mood, loss of pleasure in activities, changes in sleep and eating habits and feeling of helplessness.

  Defendants' Position:

  The evidence will show the Defendants did not retaliate against the Plaintiff for filing an MCAD complaint in 2000.  In fact, the evidence will show that at the time Plaintiff claims he was no longer placed in the acting foreman position the Defendants had no knowledge of Plaintiff's protected activity.  Moreover, the evidence will show the alleged retaliatory act, failure to place Plaintiff in the acting foreman position, cannot be considered a retaliatory act, and that it did not cause any damages or injuries to the Plaintiff.

4.  Established Facts:

  (a)  David Higgins did not violate Plaintiff's rights under G.L. c. 151B(4).  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

  (b)  David Higgins did not retaliate against the Plaintiff when he did not recommend him for the 2001 foreman position.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 14-15; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

  (c)  The Plaintiff did not sustain his burden of proving David Higgins retaliated against him by failing to provide Plaintiff with overtime opportunities.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pg. 16; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

  (d)  David Higgins did not violate Plaintiff's rights under 42 U.S.C. § 1981.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19,

2007), pgs. 6-14; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

      (e)    David Higgins did not interfere with Plaintiff's contract of employment with the City of Boston.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 17-18; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

      (f)    The City of Boston did not violate Plaintiff's rights under G.L. c. 151B(4).  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

      (g)    The City of Boston did not retaliate against the Plaintiff when it accepted David Higgins's recommendation not to award the Plaintiff the 2001 foreman position.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 14-15; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

      (h)    The Plaintiff did not sustain his burden of proving the City of Boston retaliated against him by failing to provide Plaintiff with overtime opportunities.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pg. 16; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

      (i)    The City of Boston did not violate Plaintiff's rights under 42 U.S.C. § 1981.  See *Report and Recommendations on Cross Motions for Summary Judgment* (Sorokin, MJ, July 19, 2007), pgs. 6-14; see also *Electronic Order on Motion for Summary Judgment* (Gertner, J., August 7, 2007).

5.    Plaintiff's Position as to Contested Issues of Fact:

      (a)    Whether defendants subjected plaintiff to adverse action after he had engaged in protected activity.

      (b)    Whether a reasonable person in plaintiff's position would have been prevented from engaging in and/or pursuing the protected activity as a result of the adverse action.

Defendants' Position as to Contested Issues of Fact:

      (a)    Whether the Defendants retaliated against the Plaintiff.

      (b)    Whether the Defendants failed to place Plaintiff in the acting foreman position.

6.    No jurisdictional questions.

7. <u>Plaintiff's Position as to Issues of Law</u>:

    (a) Whether the trier of fact must be informed of the underlying discriminatory acts of the defendants.

    (b) Whether the two separate and discrete acts and/or omissions of the defendants: First: In removing plaintiff from the Acting/Temporary Foreman Position and Second: In refusing to grant him any more Acting Foreman Positions, were retaliatory.

    (c) Whether the defendants may be liable on a 'mixed-motive' theory. <u>Scott v. Sulzer Carbomedics, Inc.</u>, 141 F.Supp.2d 154 (D.Mass., 2001).

    (d) Whether the defendants' omission to follow the mandates of the EEOC Guidelines On Employee Selection, relative to the making of appointments to Temporary/Acting Foreman Positions, is prima facie evidence of discriminatory/retaliatory animus.

    (e) Plaintiff's motions in limine will be filed under separate cover.

<u>Defendants' Position as to Issues of Law</u>:

    (a) Pursuant to <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, to evaluate a claim of retaliation the "reviewing court or jury [is not] required to consider 'the nature of the discrimination that led to the filing of the charge.' Rather the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." 126 S.Ct. 2405, 2416 (2006) (internal citation omitted).

    (b) Whether the failure to place Plaintiff in the acting foreman position is a retaliatory act.

    (c) Defendants' motions in limine to exclude the testimony of Cleo Bynoe, Norman Parks, the AFSCME Keeper of Records, and to exclude Dr. Hamilton-Mason's C.V., as well as any medical records and bills not produced in accordance with Fed. L.R. 35.1 and 26.1(b)(1)(a), will be filed under separate cover.

8. No amendments to the pleadings.

9. No additional matters to assist in disposition.

10. 3-4 days.

11. Voir dire procedures submitted under separate cover and separately by the Parties.

12. <u>Witnesses</u>:

    (a)    *Plaintiff's Factual Witnesses:*

        Any person listed/named by the defendants in its Witness List.

        Norman Parks, AFSCME Council 93
        8 Beacon Street
        Boston, MA

        David Higgins

        Cleo Bynoe
        14B Trull Street
        Dorchester, MA

        Keeper of Records, AFSCME Council 93
        8 Beacon Street
        Boston, MA

        Vivian Leonard

        Kathleen Kelley

        Robin Diaz McCollum

    (b)    *Defendants' Factual Witnesses:*

        Plaintiff, Roderick Diaz
        329 LaGrange Street
        West Roxbury, MA

        Defendant, David Higgins
        400 Frontage Road
        Boston, MA 02118

        Vivian Leonard
        City of Boston
        City Hall Plaza
        Boston, MA 02201

        Kathleen Haffner (p/k/a Kathleen Kelley)
        City of Boston
        City Hall Plaza
        Boston, MA 02201

    Al Young
    82 Loring Street
    Hyde Park, MA 02136

    Any additional Witnesses listed by the Plaintiff.

  (c) *Plaintiff's Expert Witness:*

    Dr. Johnnie Hamilton-Mason
    Simmons School of Social Work Fenway
    Boston, MA

  (d) *Defendants' Expert Witness:*

    Martin J. Kelly, M.D.
    Boylston Consultation Center
    850 Boylston Street, Suite 303
    Chestnut Hill, MA 02467

13. <u>Proposed Exhibits</u>:

  (a) *Plaintiff's Proposed Exhibits:*

    i. City of Boston Employee Handbook
    ii. City of Boston Affirmative Action Policy/Plan
    iii. Excerpts From Deposition Testimony of defendants
    iv. Notice of Deposition, Rule 30(b)(6)
    v. Defendants' Answers to Interrogatories and to Request For Production of Documents at MCAD
    vi. Treatment Summary and Report of Dr. Mason
    vii. Documents showing payment for therapy sessions at the South End Health Center and for the purchase of medications
    viii. Curriculum Vitae of Dr. Mason

  (b) *Defendants' Proposed Exhibits*

    i. Union Contracts
    ii. C.V. of Martin J. Kelly, M.D.

14. Jury instructions will be submitted under separate cover and separately by the Parties.

15. The Parties reserve their rights to supplement the foregoing document, in addition to the Proposed Jury Instructions and Voir Dire, prior to and during trial as the evidence unfolds at trial.

Respectfully submitted,

PLAINTIFF, RODERICK DIAZ

By his attorney:

Dated: June 5, 2008                  /s/ Winston Kendall (nmf)
                                     Winston Kendall, Esq.
                                     136 Warren Street
                                     Roxbury, MA 02119
                                     (617) 442-6130
                                     BBO # 267480


Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON

William F. Sinnott, Corporation Counsel

By their attorneys:

Dated: June 5, 2008                  /s/ Nicole Murati Ferrer
                                     Nicole Murati Ferrer (BBO# 661474)
                                     Assistant Corporation Counsel
                                     Susan M. Weise (BBO# 545455)
                                     First Assistant Corporation Counsel
                                     City of Boston Law Department
                                     1 City Hall Plaza, Room 615
                                     Boston, MA 02201
                                     (617) 635-4045 (Murati Ferrer)
                                     (617) 635-4040 (Weise)