UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A.#05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS ET AL.

PLAINTIFF'S REQUESTS FOR
INSTRUCTIONS TO THE JURY

1. **Plaintiff's Burden of Proof-Preponderance of the Evidence.**

The plaintiff is not required to prove that his protected activity was the only reason for the employer's decision, but if you find that the plaintiff has proven by a preponderance of the evidence that the retaliation motivated his employer more probably than not, then you must find for the plaintiff.  Porter v. Natsios, No.04-5061, 2005 WL 1540797, at *2 (D.C. Cir., July 1, 2005).`

2. **Reasonable Basis For Belief Is Sufficient.**

Title VII and G.L.c.151B(4)4)prohibit an employer from retaliating against a plaintiff because s/he has engaged in  protected activity.  The protected activity may include the raising of a grievance with the union. King v. City of Boston, 883 N.E.2d 316, 327, 71 Mass. App. Ct. 460 (2008).  It does not matter that defendant is not found liable for discrimination; the plaintiff need only have a reasonable basis for believing that the defendant's conduct was discriminatory.  Sullivan v. National R.R. Passenger Corp., 170 F.3d 1056, 1059.  (11th.Cir., 1999).

3. **Retaliation.** If the you find that the plaintiff's supervisor(s) used his/their authority to retaliate against the plaintiff on account of his protected activity, he need not also prove that the defendant employer knew of such retaliatory conduct.  Edwards v. Widnall, 17F.Supp.2d 1038, 1043 (D.Minn., 1998).

4. **'Adverse Action'-** In order to prove that he suffered an 'adverse action, for purposes of the retaliation claim, plaintiff must show that a

1

reasonable employee would have found the challenged action materially adverse which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  Burlington Northern & Santa Fe Ry.Co. v. White, 126 S.Ct. 2405, 2415 (2006).

5. '**Mixed Motives**'-  It is not necessary for plaintiff to prove that a retaliatory motive was the sole motivation of, or even a primary motivation for, defendants' adverse action.  Plaintiff need only prove that it was a determinative factor in the decision even though other factors may have motivated defendants.

Once plaintiff shows that a retaliatory motive was a determinative factor in the d efendant's decision, it is the defendants' burden to articulate a legitimate, non-retaliatory reasons for the decision.  If the defendants do so, plaintiff must prove by a preponderance of the evidence that the proffered legitimate reason is in fact a pretext and that retaliation was a determinative factor in defendants' decision.  Plaintiff retains the ultimate burden of persuading you by a preponderance of the evidence that he was the victim of retaliation.

Pretext may be proven either directly, by proving that a retaliatory reason more likely motivated the defendants, or indirectly, by showing that the defendants' explanation is unworthy of credence. In either case, the evidence must persuade you that plaintiff's protected activity was a determining factor in the adverse employment action.

If plaintiff has persuaded you by a preponderance of the evidence that the reason offered by defendants for the adverse action is only a pretext or cover-up for what was at least partially, a retaliatory purpose-then you may, but are not required to, infer that plaintiff has satisfied his burden of proof that defendants intentionally retaliated against him because of his exercise of protected activities.  Provencher v. CVS Pharm., 145 F.3d 5, 9 (1st.Cir., 26th.May, 1998).

6. **Damages, Compensatory-**If you find for plaintiff on is claim that the defendants retaliated against him, then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award damages only for injuries that plaintiff proved were caused by defendants' wrongful conduct. The damages which you award must be fair compensation. You may award compensatory damages for emotional pain and suffering, inconvenience and mental anguish if you find that they were caused by defendants' retaliation. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guess work. On the o ther hand, the law does not require that plaintiff prove the amount of his losses with mathemathical precision but only with as much definiteness and accuracy as circumstances permit. You may consider the amount of lost wages or other benefits, if any, claimed by the plaintiff. **Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII,** Magistrate Judge John Facciola, U.S.D.C. Dist. of Columbia.

7. **Damages, Punitive-** In deciding the issue as to whether you should impose punitive damages on the defendants, you should consider: (1) the reasonable relationship of the award to the harm likely to occur from the defendants' conduct as well as the harm that in fact occurred (2) removing the profit from an illegal activity and exceeding it so that the defendants recognize a loss (3) the defendants' financial position (4) the costs of litigation and encouraging plaintiffs to bring violators

to trial (5) whether other civil actions have been filed against the defendants.  Clifton v. MBTA, 62 Mass. App.Ct. at 177.

8. You may award punitive damages if you find that the defendants' conduct was outrageous and because of defendants' evil motive or reckless indifference to the rights of others.  Dartt v. Browning-Ferris Indus., Inc. 427 Mass. 1, 17 (1998).

9. You may award punitive damages if you find that the violation of the anti-retaliation statute was outrageous, even if you do not award compensatory damages.  You may award punitive damages when the defendants' conduct warrants condemnation and deterrence. Bain v. City of Springfield, 424 Mass. 758, 767 (1997).

Respectfully Submitted,

_____
W.Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130