UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

**DEFENDANTS' MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES AND DOCUMENTS**

The Defendants hereby move this Honorable Court to exclude the testimony of Norman Parks, Cleo Bynoe, the Keeper of Records of AFCSME Council 93, and Robin Diaz McCollum, on the basis that the Plaintiff failed to disclose the identity of these individuals and/or his intent of presenting their testimony at trial. See Fed. R. Civ. P. 26(a)(1)(A)-(ii); Fed. R. Civ. P. 26(a)(3)(A)-(i), (iii); Fed. L.R. Civ. P. 26.1(B)(1)(b)-(d). In addition, the Defendants move to exclude the introduction of any AFSCME documents, as well as all medical records and bills which have not yet been produced by the Plaintiff. See Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii); see also Fed. L.R. Civ. P. 26.1 (B)(1)(a). In further support of their motion the Defendants state as follows:

1.       Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the Plaintiff had an initial duty to disclose (i) the names of the individuals he knew to have discoverable information, (ii) a copy or description of the documents he had in his possession, custody or control and which he intended to use at trial; and (iii) a computation of damages with the basis of each computation.

2. Moreover, throughout the litigation, the Plaintiff had the duty to supplement its initial disclosures in a timely manner. See Fed. R. Civ. P. 26(e)(1)(A).

3. In addition, in accordance with Fed. R. Civ. P. 26(a)(3)(B), thirty days prior to the trial, Plaintiff was required to: provide the names and contact information of each witness, Fed. R. Civ. P. 26(a)(3)(A)(i); and identify each document and exhibit, Fed. R. Civ. P. 26(a)(3)(A)(iii).

4. Similarly, pursuant to Fed. L.R. Civ. P. 26.1(B)(1)(a)-(d), Plaintiff is required to disclose: all economic losses; all persons with substantial discoverable information as to the events that gave rise to the claims; all statements obtained from the opposing party or employees of the opposing party; and all governmental agencies or officials which investigated the matter.

5. Moreover, Fed. L.R. Civ. P. 35.1(A)(1), requires Plaintiff provide an itemization of all medical expenses incurred, and it must state whether future expenses are anticipated.

6. In this case, the Plaintiff did not inform the Defendants of his intent to call as witnesses Norman Parks, Cleo Bynoe, the Keeper of Records of AFCSME Council 93, and Robin Diaz McCollum, until June 4, 2008, when counsel forwarded his portion of the Pre-Trial Memorandum to the Defendants' counsel.

7. Although Plaintiff mentions Mr. Bynoe in his Answers to Interrogatories, he did not mention him as someone with discoverable information and/or as someone he intended to call at trial. Rather Mr. Bynoe was nonchalantly mentioned as someone who was not promoted on the basis of seniority. Therefore, arguably, the only reason Mr. Bynoe's testimony would be relevant is if the failure to promote claims would still be in controversy.

8. In addition, in his Answers to Interrogatories, Plaintiff clearly identified who he believed had discoverable information and who he intended to call at trial, and Mr. Bynoe, as

well as Norman Parks, the Keeper of Records of AFCSME Council 93, and Robin Diaz McCollum, were not listed.

9. Because the Plaintiff failed to disclose these witnesses pursuant to the Federal Rules of Civil Procedure and the Local Rules, their testimony should be excluded at trial in accordance with Fed. R. Civ. P. 37(c)(1).

10. Moreover, the Plaintiff has failed to identify, in accordance with Fed. R. Civ. P. 26(a)(1)(A) and 26(a)(3)(A)(iii), the AFSCME documents he seeks to introduce at trial. As with the above-referenced witnesses, the first time Defendants became aware of Plaintiff's intent to introduce such documents was in June 4, 2008. In addition, at this late juncture, the Defendants do not even have an idea of the type of documents Plaintiff is referencing as he also failed to identify or describe these documents. Accordingly, the Plaintiff should be precluded from introducing any such documents at trial. See Fed. R. Civ. P. 37(c)(1).

11. Similarly, for the above-discussed violations of the Rules of Civil Procedure, the Defendants seek to exclude from evidence any medical records or bills which the Plaintiff has failed to produce the Defendants.

12. Finally, based on an educated inference as to what these witnesses and documents purport to prove, the Defendants contend they should be excluded because they are irrelevant and do not affect the probative value of any material fact of the case before the Court – whether the Defendants retaliated against the Plaintiff by allegedly not placing him in the acting foreman position after he obtained an attorney in 2000. See Fed. R. Evid. 401 – 403.

For the reasons stated above, and all others which may be orally presented to the Court, the Defendants hereby move this Honorable Court to exclude at trial the testimony of Norman Parks, Cleo Bynoe, the Keeper of Records of AFCSME Council 93, and Robin Diaz McCollum,

and to exclude from the evidence introduced at trial any AFSCME documents, as well as all medical records and bills which have not yet been produced by the Plaintiff.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON

William F. Sinnott, Corporation Counsel

By their attorneys:

/s/ Nicole Murati Ferrer
Nicole Murati Ferrer (BBO# 661474)
Assistant Corporation Counsel
Susan M. Weise (BBO# 545455)
First Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045 (Murati Ferrer)
(617) 635-4040 (Weise)

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon Winston Kendall by EFC filing.**

**6/9/08   /s/ Nicole Murati Ferrer**
**Date    Nicole Murati Ferrer**

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that prior to the filing of this motion, counsel for the Parties conferred and attempted in good faith to resolve or narrow the issue presented herein.

Dated: June 9, 2008                                     /s/ Nicole Murati Ferrer
                                                        Nicole Murati Ferrer