**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-10154-NG**

RODERICK DIAZ

v.

DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE COUNSEL
AND ANY WITNESSES FROM STATING OR SUGGESTING
DEFENDANTS' ALLEGED ACTIONS CAUSED
PLAINTIFF TO SUFFER POST TRAUMATIC STRESS DISORDER**

The Defendants hereby move this Honorable Court to preclude counsel from mentioning during his opening, closing, or at any point during trial, as well as any of the testifying witnesses, that the Plaintiff suffered Post Traumatic Stress Disorder ("PTSD") as a result of the Defendants' alleged actions. In support of this motion, the Defendants state the "medical expert"[1] Plaintiff purports to present at trial has not diagnosed Plaintiff with PTSD. In fact, the Plaintiff's medical records are devoid of any diagnosis regarding Plaintiff's condition, and more importantly, do not state he suffers from PTSD.[2] Moreover, the provider's "Assessment and Treatment Summary" does not mention any diagnosis of PTSD.[3] Notwithstanding, Plaintiff represents in his Answers to Interrogatories, #2, that he expects his medical expert will testify he suffered PTSD as a result of the Defendants' alleged actions. Accordingly, it would be highly prejudicial to allow Plaintiff's counsel, or any of the testifying witnesses, to inform or suggest to the jury Plaintiff

---

[1] Defendants are not hereby conceding the Plaintiff's witness is a qualified expert.
[2] The Defendants are not hereby waiving their right to object to the introduction of these medical records at trial.
[3] The Defendants are not hereby waiving their right to object to the introduction of this report at trial.

1

suffers from PTSD when he has not been diagnosed with it by any qualified medical expert. See Fed. R. Evid. 401 – 403.  In further support of this motion the Defendants state as follows:

1. Pursuant to Fed. R. Civ. P. 26(a)(2)(A) a party "must disclose [ ] the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705."

2. The disclosure must be accompanied with a written report signed by the witness and which contains a "complete statement of all opinions the witness will express and the basis and the reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)-(i).

3. Failure to comply with Fed. R. Civ. P. 26(a) mandates the exclusion of any non-disclosed information or witness at trial.  See Fed. R. Civ. P. 37(c)(1); see also Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998).

4. Moreover, exclusion is mandated because information suggesting Defendants' actions caused Plaintiff PTSD would not be evidence presented solely for impeachment, and therefore, should have been disclosed in accordance with the above-referenced rules.  See Fed. R. Civ. P. 26(a)(3)(A).

For the reasons stated above, and all others which may be orally presented to the Court, the Defendants hereby move this Honorable Court to order Plaintiff's counsel, as well as any testifying witness, from mentioning or testifying the Defendants' alleged actions caused Plaintiff to suffer from Post Traumatic Stress Disorder.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON |
|  | William F. Sinnott, Corporation Counsel |
|  | By their attorneys: |
| **CERTIFICATE OF SERVICE** | /s/ Nicole Murati Ferrer |
| **I hereby certify that a true copy of the above document was served upon Winston Kendall by EFC filing.** | Nicole Murati Ferrer (BBO# 661474) Assistant Corporation Counsel Susan M. Weise (BBO# 545455) First Assistant Corporation Counsel City of Boston Law Department 1 City Hall Plaza, Room 615 Boston, MA 02201 (617) 635-4045 (Murati Ferrer) (617) 635-4040 (Weise) |
| **6/9/08   /s/ Nicole Murati Ferrer** **Date    Nicole Murati Ferrer** |  |

## LOCAL RULE 7.1 CERTIFICATION

  I hereby certify that prior to the filing of this motion, counsel for the Parties conferred and attempted in good faith to resolve or narrow the issue presented herein.


Dated: June 9, 2008                       /s/ Nicole Murati Ferrer
                                    Nicole Murati Ferrer