UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10154-NG

| | |
|---|---|
| RODERICK DIAZ<br><br>v.<br><br>DAVID HIGGINS, Individually, and, in his capacity as Director of Central Fleet Maintenance, City of Boston Department of Public Works; and CITY OF BOSTON | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE COUNSEL AND ANY WITNESSES FROM MENTIONING DISMISSED CLAIMS

The Defendants hereby move this Honorable Court to preclude counsel from mentioning during his opening, closing, or at any point during trial, as well as any of the testifying witnesses, any of the dismissed claims or the circumstances with regard to those claims. In support of this motion, the Defendants state any mention of dismissed claims, or the circumstances surrounding those claims, would taint the evidence before the jury and would be irrelevant as they do not affect the probative value of any material fact of the case before the Court. See Fed. R. Evid. 402 and 403. In further support of this motion, the Defendants state as follows:

1. Presently, the only issue in controversy is whether the Defendants retaliated against the Plaintiff by ceasing to place him in the acting foreman position after he obtained an attorney in 2000.

2. Although Plaintiff brought claims of race discrimination and retaliation based on race discrimination, the Court properly dismissed those at the motion to dismiss and summary judgment levels.[1]

3. Accordingly, the only claim in controversy as to Higgins is under G. L. c. 151B(4)(4), and only as to the issue of whether he ceased placing Plaintiff in the acting foreman position because he engaged in protected activity.

4. Similarly, the claims in controversy as to the City are under G. L. c. 151B(4)(4) and Title VII, and only as to the issue of whether the City ceased placing Plaintiff in the acting foreman position because he engaged in protected activity.

5. Pursuant to Burlington Northern & Santa Fe Railway Co. v. White, to evaluate a claim of retaliation the "reviewing court or jury [is not] required to consider 'the nature of the discrimination that led to the filing of the charge.' Rather the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." 126 S.Ct. 2405, 2416 (2006) (internal citation omitted).

6. In this case, allowing Plaintiff's counsel and/or any of the testifying witnesses to discuss any race discrimination allegations or circumstances would confuse the jury and taint the limited issue before it. Moreover, any mention as to why Plaintiff obtained an attorney is irrelevant to the issue of retaliation because he claims the Defendants ceased to place him in the acting foreman position because of his protected activity not his race.

---

[1] The race discrimination and retaliation for failure to promote and provide overtime counts were dismissed against Defendant Higgins in his official capacity at the motion to dismiss level on September 29, 2005. The count against the City alleging violation of Plaintiff's right under 42 U.S.C. § 2000e-3(a), was also dismissed on September 29, 2005, as it was duplicative of the Title VII claim. The race discrimination and retaliation for failure to promote and provide overtime counts against Higgins in his individual capacity and against the City of Boston were dismissed at the summary judgment level on August 7, 2007. In August 7, 2007, the Court also dismissed the count of contract interference against Higgins.

7. "By focusing on the materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position, we believe this standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination." Burlington Northern, 126 S.Ct. at 2416.

8. As such, any testimony or mention of the claims which have been decided by this Court would be irrelevant to the issue at hand, and therefore, inadmissible at trial. See Fed. R. Evid. 402 and 403; see also Burlington Northern, 126 S.Ct. at 2416.

For the reasons stated above, and all others which may be orally presented to the Court, the Defendants hereby move this Honorable Court to order Plaintiff's counsel, as well as any testifying witness, not to make mention of the dismissed claims and/or the circumstances surrounding those claims.

Respectfully submitted,

DEFENDANTS, DAVID HIGGINS, in his official and individual capacity, and CITY OF BOSTON

William F. Sinnott, Corporation Counsel

By their attorneys:

|  |  |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>**I hereby certify that a true copy of the above document was served upon Winston Kendall by EFC filing.**<br><br>**6/9/08**   /s/ **Nicole Murati Ferrer**<br>**Date**   Nicole Murati Ferrer | /s/ Nicole Murati Ferrer<br>Nicole Murati Ferrer (BBO# 661474)<br>Assistant Corporation Counsel<br>Susan M. Weise (BBO# 545455)<br>First Assistant Corporation Counsel<br>City of Boston Law Department<br>1 City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4045 (Murati Ferrer)<br>(617) 635-4040 (Weise) |

## LOCAL RULE 7.1 CERTIFICATION

      I hereby certify that prior to the filing of this motion, counsel for the Parties conferred and attempted in good faith to resolve or narrow the issue presented herein.

Dated: June 9, 2008                                                                       /s/ Nicole Murati Ferrer
                                                                                                            Nicole Murati Ferrer