UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. # 05-10154-NG

RODERICK DIAZ

v.

DAVID HIGGINS ET AL.

OPPOSITION TO MOTION TO PRECLUDE COUNSEL AND ANY WITNESS FROM MENTIONING DISMISSED CLAIMS

 Plaintiff hereby opposes defendants' motion to preclude counsel and witnesses from mentioning dismissed claims.

 In support of this motion, plaintiff states that under G.L.c.151B(4) and c.151B(4)(4), the jury are entitled to hear limited evidence of the case of discrimination, Ciccarelli v. School Dept. of Lowell, 70 Mass. App. Ct. 787, 795 (2007).

 Further, under this teaching the fact-finder can hear relevant facts, including: evidence that the defendant Higgins, as a supervisory official, engaged in discrimination and retaliation, College-Town Div. of Interco v. MCAD, 400 Mass.156, 508 N.E.2d 587 (1989)(vicarious liability for supervisor harassment); that the workplace was permeated with retaliatory harassment, Noviello v. City of Boston, 398 F.3d 76, 94-95 (1st.Cir., 2005) and that the defendants engaged in egregious misconduct surrounding the acts of discrimination and retaliation and that such acts were pretext for discrimination, especially where the defendants had no objective standards for appointments to the position of temporary/acting foreman. Harris v. Birmingham Bd. Of Ed., 712 F.2d 1377, 1382-84.

 Plaintiff relies upon and incorporates the facts of the affidavits in support of Oppositions to defendants' motions in limine, on file in this action and the documents to which reference is made therein.

        Respectfully Submitted,

        <u>/s/W.Kendall</u>
        136 Warren Street
        Roxbury, Ma. 02119
        (617) 442-6130