UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. # 05-10154-NG

| | |
|---|---|
| RODERICK DIAZ | OPPOSITION TO MOTION TO PRECLUDE COUNSEL AND ANY |
| v. | WITNESS FROM STATING OR SUGGESTING DEFENDANTS' |
| DAVID HIGGINS ET AL. | ALLEGED ACTIONS CAUSED PLAINTIFF TO SUFFER PTSD |

Plaintiff hereby opposes defendants' motion to preclude counsel and any witness from stating or suggesting defendants' alleged actions caused plaintiff to suffer post traumatic stress disorder.

Plaintiff states that the defendants were put on notice, by the answers to interrogatories that Dr.Mason would offer testimony as to a causal connection between work-place conditions and post-traumatic stress disorder.

Further, defendants' own expert, Dr.Kelly, indicated in his Report that he was aware of plaintiff's claim of a causal connection which would lead to a diagnosis of PTSD, that he had considered the facts of the case and that in his view, such a diagnosis was not supported. Under these circumstances, Dr.Mason's omission to mention the term 'PTSD' in her Report was/is harmless. First Nat'l Bank of Durant v. Trans Terra Corp., Int., 142 F.3d 802, 811 (5th.Cir., 1998).

The facts show that the defendants could have taken the deposition of the plaintiff's expert to explore the issue of PTSD, but, apparently for tactical reasons, declined to examine the witness, after having served notice of intent to take her deposition. Cash v. State Farm Fire & Cas. Co., 125 F.Supp. 2d 474, 477 (M.D. Ala.,2000).

Plaintiff relies upon and incorporates the facts of the Affidavit annexed and of the Affidavit In Support of Opposition To Exclude Witnesses and Documents, filed in this action.

Respectfully Submitted,

/s/W.Kendall
W.Kendall
136 Warren Street
Roxbury, Ma. 02119
9617) 442-6130

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. # 05-10154-NG

RODERICK DIAZ                 OPPOSITION TO MOTION
                              TO PRECLUDE COUNSEL AND ANY
v.                            WITNESS FROM STATING OR
                              SUGGESTING DEFENDANTS'
DAVID HIGGINS ET AL.          ALLEGED ACTIONS CAUSED
                              PLAINTIFF TO SUFFER PTSD

Plaintiff hereby opposes defendants' motion to preclude counsel and any witness from stating or suggesting defendants' alleged actions caused plaintiff to suffer post traumatic stress disorder.

Plaintiff states that the defendants were put on notice, by the answers to interrogatories that Dr.Mason would offer testimony as to a causal connection between work-place conditions and post-traumatic stress disorder.

Further, defendants' own expert, Dr.Kelly, indicated in his Report that he was aware of plaintiff's claim of a causal connection which would lead to a diagnosis of PTSD, that he had considered the facts of the case and that in his view, such a diagnosis was not supported. Under these circumstances, Dr.Mason's omission to mention the term 'PTSD' in her Report was/is harmless. First Nat'l Bank of Durant v. Trans Terra Corp., Int., 142 F.3d 802, 811 (5th.Cir., 1998).

The facts show that the defendants could have taken the deposition of the plaintiff's expert to explore the issue of PTSD, but, apparently for tactical reasons, declined to examine the witness, after having served notice of intent to take her deposition. Cash v. State Farm Fire & Cas. Co., 125 F.Supp. 2d 474, 477 (M.D. Ala.,2000).

Plaintiff relies upon and incorporates the facts of the Affidavit annexed and of the Affidavit In Support of Opposition To Exclude Witnesses and Documents, filed in this action.

Respectfully Submitted,

/s/W.Kendall
W.Kendall
136 Warren Street
Roxbury, Ma. 02119
9617) 442-6130